[No. 9351–7–I.   Division One.   January 10, 1983.]

RICHARD BAUGHN, *Appellant,* v. JOHN MICHAEL
MALONE, *Defendant,* KENNETH HEMMINGS,
ET AL, *Respondents.*

*John C. Kouklis,* for appellant.

*F. Ross Burgess* and *Daniel Hannula,* for respondents.

SCHOLFIELD, J.—Richard Baughn appeals a judgment rendered on a jury verdict for defendants Kenneth Hemmings and George Haller, the owners of Firwood Tavern, and Mark Harper, the security guard for the tavern (hereinafter referred to as defendants). Baughn assigns as error certain jury instructions given and refused, the trial judge's finding that Baughn was contributorially negligent as a matter of law, and the trial judge's failure to grant Baughn's motion for a mistrial. We reverse and remand for a retrial.

Baughn suffered serious physical injuries on November 29, 1975, when an automobile in which he was a passenger was driven off the road by the driver, John Michael Malone. At the time of the accident, Baughn was 23 years of age, and Malone was 19. The evidence was virtually conclusive that Malone was under the influence of alcohol at the time of the accident.

There was substantial evidence of the following facts. From 10 p.m. or 10:30 p.m. until midnight or 12:30 a.m. Baughn, Malone, and their friend, James Hamilton, were in the Firwood Tavern drinking beer. None of the young men were requested to produce identification when they entered the tavern. Hamilton and Baughn bought beer for Malone, knowing he was under 21 years of age. At least once during the evening, Malone rested his head and arms on the table, and a tavern employee requested that he refrain from doing so. All three were drunk when they left the tavern. Baughn

594

left the tavern before his friends, seated himself in the front passenger seat of Malone's Volkswagen and went to sleep. Shortly thereafter, Malone came out and took the driver's seat and Hamilton sat in the rear seat. While Baughn slept, Malone drove away from the tavern. The car had traveled less than a mile from the tavern when it missed a curve and went over a bank at an estimated 40 to 45 m.p.h.

Baughn alleged violation of the following statutes by the defendants:

Every person who:

. . .

(4) Shall sell or give, or permit to be sold or given to any person under the age of twenty–one years any intoxicating liquor, . . .

. . .

Shall be guilty of a gross misdemeanor.

RCW 26.28.080(4), in part.

No person shall sell any liquor to any person apparently under the influence of liquor.

RCW 66.44.200.

Except in the case of liquor given or permitted to be given to a person under the age of twenty–one years by his parent or guardian for beverage or medicinal purposes, or administered to him by his physician or dentist for medicinal purposes, no person shall give, or otherwise supply liquor to any person under the age of twenty–one years, or permit any person under that age to consume liquor on his premises or on any premises under his control.

RCW 66.44.270, in part.

Any person who invites a minor into a public place where liquor is sold and treats, gives or purchases liquor for such minor, or permits a minor to treat, give or purchase liquor for him; or holds out such minor to be over the age of twenty–one years to the owner of the liquor establishment shall be guilty of a misdemeanor.

RCW 66.44.300.

(1) It shall be a misdemeanor,
(a) To serve or allow to remain on the premises of any

tavern any person under the age of twenty–one years;

(b) For any person under the age of twenty–one years to enter or remain on the premises of any tavern;

Former RCW 66.44.310, in part.

Every person who shall sell any intoxicating liquor to any minor shall be guilty of a violation of Title 66 RCW. RCW 66.44.320.

Baughn contends that the jury was improperly instructed on the issue of the defendants' liability. The principal instruction on this issue was instruction 12, which read as follows:

An establishment which serves alcoholic beverages has no duty to guarantee the safety of its patrons. The establishment does, however, owe a duty to exercise reasonable care not to serve intoxicating beverages to an individual whom it knows, or in the exercise of reasonable care should have known, was so intoxicated as to no longer be held responsible for his conduct, and that furnishing such alcoholic beverages to an individual in that condition posed a foreseeable risk of harm to others.

Such an establishment also has a duty to exercise reasonable care to prevent individuals who are under the age of twenty–one from obtaining alcohol on its premises.

It is for you the jury to determine what care a reasonably careful establishment operator would take under such circumstances as you find existed in this case.

Failure to exercise that care would be negligence on the part of the establishment owner.

Baughn's exception to instruction 12 stressed its failure to instruct the jury that furnishing intoxicating liquor to a minor or violation of any of the statutory duties is negligence per se. The instruction speaks of preventing a person under the age of 21 from obtaining alcohol on the premises, but does not address the violation of law that is involved if a person under the age of 21 is allowed to remain on the premises.

We agree that instruction 12 did not correctly state the law and that the error was prejudicial, requiring a new trial on the issue of the defendant tavern keepers' liability.

The instruction does not advise the jury that viola-

tion of one or more of the applicable statutes is negligence per se. It was error to instruct that a tavern keeper could be found liable only if he failed to exercise reasonable care to avoid serving intoxicating beverages to an intoxicated person and to prevent individuals under 21 years of age from obtaining alcohol while on defendant's premises.

*Callan v. O'Neil,* 20 Wn. App. 32, 578 P.2d 890 (1978) holds that persons under 21 years of age have been established as a protected class by the Legislature and that violation of a statute designed to serve that protective objective is negligence per se.

*Callan* also holds that a tavern owner is entitled to show that he took reasonable precautions to determine whether his customers were all over 21 years of age and that the violation of a statute is not negligence when due to some cause beyond the violator's control and which reasonable prudence could not have guarded against.

A plaintiff establishes a prima facie case of negligence per se when he proves the violation by defendant of an applicable statute. The defendant may then show that the violation was due to some cause beyond his control, thus justifying the violation. Justification can be compared to an affirmative defense or plea of avoidance. The law places the burden of proof in such cases on the party relying upon it.

*Stanley v. Allen,* 27 Wn.2d 770, 180 P.2d 90 (1947) involved violation of the statute requiring motorists to yield the right of way to pedestrians. In discussing the position of a defendant seeking to excuse a violation of the statute, the court stated at page 783:

> The long–established rule that one who relies upon an excuse to absolve himself from violation of a statute must plead and prove it, is merely a recognition of the plain fact that, in so doing, he is asserting an affirmative defense. In *Martin v. Bear,* 167 Wash. 327, 330, 9 P. (2d) 365, the court adopted and quoted the following from the opinion in *Dohm v. Cardozo & Bro.,* 165 Minn. 193, 206 N. W. 377:

"*'A defendant who has violated the statute has the burden of proving excuse or justification. He has the affirmative of the issue.*" (Italics ours.)

*See also* WPI 60.01, Note on Use, Comment.

Two other comments should be made about instruction 12. The first sentence, which states that an establishment has no duty to guarantee the safety of its patrons, appears to have been taken from cases stating the duty of a tavern keeper in those cases in which one patron injures another patron in some altercation in or near a tavern. In the context of this case, the sentence is inappropriate, tends to slant the instruction in the defendants' favor and should not be used.

In the next to the last paragraph, instruction 12 states as follows:

It is for you the jury to determine what care a reasonably careful establishment operator would take under such circumstances as you find existed in this case.

■ The standard should be the care that a reasonably careful person would take under the circumstances, rather than a "reasonably careful establishment operator". A jury should be applying the standard of a reasonably careful person rather than looking to the particular defendant in a particular case. *See* WPI 10.01, 10.02.

Baughn also contends the trial judge erred in instructing the jury that he was contributorially negligent. We agree. The trial judge erred in two respects in instructing on the contributory negligence of Baughn.

As part of instruction 2, the trial judge, in effect, advised the jury that the plaintiff was admitting that he was negligent. That part of instruction 2 states:

The plaintiff Richard Baughn also claims that as a proximate result of the serving of that liquor to John Michael Malone, that he subsequently drove his Volkswagen in such a manner as to cause permanent and disabling injuries to plaintiff Richard Baughn, and that even though he himself was negligent in part that because he was asleep

in the car and had no opportunity to consent to riding with John Michael Malone, he should be allowed recovery for his damages and his own negligence should not reduce those damages or prevent his recovery.

Baughn did not admit or claim he was negligent. It was error to advise the jury that he did, even though the judge found as a matter of law that Baughn was negligent.

■ In instructions 7 and 10, the judge instructed the jury that Baughn was negligent as a matter of law and that his negligence was a proximate cause of his injuries. A finding of contributory negligence or proximate cause as a matter of law should be made only in the clearest of cases and when reasonable minds could not have differed in their interpretation of a factual pattern. *Browning v. Ward,* 70 Wn.2d 45, 48–49, 422 P.2d 12 (1966); *Bordynoski v. Bergner,* 97 Wn.2d 335, 340, 644 P.2d 1173 (1982). Whether Baughn's negligence was a proximate cause of his injuries was a factual question to be resolved by the jury. Reasonable minds could readily differ on the issue of whether Baughn's supplying of beer to Malone was a proximate cause of his injury. There was evidence that Malone purchased beer for himself and Hamilton purchased beer for both Baughn and Malone.

Another complication in respect to proximate cause arises from evidence that the three young men were drinking whiskey earlier in the evening before going to the tavern. Liquor supplied to a minor in a social context is not actionable. *Halvorson v. Birchfield Boiler, Inc.,* 76 Wn.2d 759, 458 P.2d 897 (1969); *Hulse v. Driver,* 11 Wn. App. 509, 524 P.2d 255 (1974). It was error for the judge to instruct as a matter of law that Baughn's negligence was a proximate cause of his injuries.

Baughn's assignments of error relative to assertions that the trial judge commented on the evidence in violation of article 4, section 16, Washington Constitution, are without merit except for the comments in the instructions which we have discussed above.

Based on our review of the trial judge's instructions 7, 10

and 12, we hold that the plaintiff's motion for a mistrial should have been granted.

The jury awarded Baughn a judgment against Malone in the gross amount of $262,000. It found Baughn's contributory negligence was the proximate cause of 65 percent of these damages. Therefore, Baughn was awarded a net judgment against Malone of $91,700. Malone does not appeal that judgment, nor does any party contest the gross amount of damages found by the jury in the first trial.

Accordingly, the gross amount of Baughn's damages in this case is fixed at $262,000. The case is remanded for retrial on the issue of the liability of the defendants Hemmings, Haller, and Harper, and their respective marital communities, and on the issue of whether the negligence of Baughn was a proximate cause of his injuries.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied February 4, 1983.