[No. 24347–1–I.  Division One.  September 17, 1990.]

JUDITH HANSEN, *Individually and as Personal Representative, Appellant,* v. ROBERT ANTHONY FRIEND, ET AL, *Respondents.*

*Bruce Wolf* and *Kargianis, Austin & Erickson,* for appellant.

*Harold B. Field, Murray, Durham & Murray, William R. Hickman,* and *Reed McClure Moceri Thonn & Moriarty,* for respondents.

BAKER, J.—This case requires us to address the civil liability of an adult who provides alcohol to a minor in a social setting. The issue arises in the context of an appeal from a summary judgment which dismissed the action of Judith Hansen brought against Robert A. Friend and Robert M. Petty for the wrongful death of her minor son.

The trial court held as a matter of law that the defendants could not be held liable for furnishing liquor to a minor who became intoxicated and drowned. We reluctantly affirm.

I

Fifteen–year–old Keith Hansen and 21–year–old Friend spent the evening of April 24, 1987, at Friend's house drinking liquor supplied by Hansen. The next morning, Petty arrived to drive Friend on a prearranged overnight fishing trip to Jameson Lake in Eastern Washington. Hansen was invited by Petty and Friend to accompany them. Petty, who was also 21 years of age, had previously purchased two or three half cases of beer for the trip. Petty purchased an additional 6–pack of beer during the drive to the lake. In his deposition, Petty testified that the beer was

his, stating that Friend did not bring any alcohol along nor did he purchase any. At another point, however, he testified that the beer was for both him and Friend.

Although Hansen and Friend did not consume any alcohol on the way to the lake, they were still intoxicated when they arrived. After unpacking the truck, the three ate dinner. Petty testified that both he and Friend drank beer. Petty then went to sleep. For purposes of this motion, Petty admits that he supplied the alcohol and also served Hansen beer upon their arrival at the campsite, until Hansen became severely intoxicated.

Friend observed Hansen drinking beer at the campsite. He knew Hansen was severely intoxicated, and observed him fall. Alan Petty, Robert's brother, who arrived around 11:30 p.m., also saw Hansen stumbling in an obviously intoxicated condition. At approximately 11 p.m., Hansen and Friend visited a neighboring campsite and talked with two other persons, who observed that both Hansen and Friend were severely intoxicated.

The neighboring campers later heard a splash and gasping noises coming from the lake. They called out but there was no answer. They ran to the Petty campsite and reported that it looked like someone had fallen into the water. A boat was rowed out into the lake but by then there was no sign of life. It was later determined that Hansen had drowned that evening.

Hansen's mother sued Friend and Petty, alleging that they had violated RCW 66.44.270[1] by furnishing alcohol to a minor, and that this constituted negligence per se. She also alleged common law negligence for the same act of

---

[1]RCW 66.44.270 provides in relevant part:

"(1) It is unlawful for any person to sell, give, or otherwise supply liquor to any person under the age of twenty-one years or permit any person under that age to consume liquor on his or her premises or on any premises under his or her control."

furnishing alcohol to a minor, and negligent supervision.[2] The defendants moved for summary judgment, which was granted.

## II

Initially, we must resolve one procedural and one evidentiary matter. The procedural question before us is whether the defendant's motion should be treated as one for summary judgment. Without citation to the rule, Hansen appears to argue that the nature of the defendants' motion below was one under CR 12(b)(6), failure to state a claim upon which relief can be granted, rather than one for summary judgment under CR 56. The defendants assert that the trial court considered matters outside the pleadings, and therefore the motion was converted into a summary judgment motion.

CR 12(b) provides:

> If, on a motion asserting . . . failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in rule 56[.]

Thus, a motion originally brought under CR 12(b)(6) will be treated as a summary judgment motion where supporting affidavits or other evidentiary material is submitted to and not excluded by the trial court. *See St. Yves v. Mid State Bank,* 111 Wn.2d 374, 377, 757 P.2d 1384 (1988).

We have determined that the defendants' motions were treated below as summary judgment motions under CR 56. Our review of the record indicates that the trial court considered factual matters outside the pleadings without objection. Thus, on appeal, we will regard the matter as one under CR 56. *See St. Yves,* 111 Wn.2d at 377.

---

[2]Hansen makes no argument regarding the negligent supervision claim on appeal, so we do not consider it. *See BC Tire Corp. v. GTE Directories Corp.,* 46 Wn. App. 351, 355, 730 P.2d 726 (1986), *review denied,* 108 Wn.2d 1013 (1987).

The evidentiary question presented concerns the trial court's consideration of an affidavit of a private investigator. Petty contends, and we agree, that the affidavit contains hearsay and should not have been considered by the trial court. We therefore do not consider the affidavit in this appeal. We note, however, that resolution of this issue is not critical to the outcome of the appeal, since the challenged affidavit mostly repeats information already contained in other evidentiary materials submitted.

### III

On appeal, Hansen argues two theories of liability: violation of RCW 66.44.270(1), which prohibits furnishing liquor to a minor, and common law liability for furnishing liquor to minors, regardless of any reliance on the statute. Since under RCW 5.40.050, breach of a duty under a statute is no longer considered negligence per se, but may be considered as evidence of negligence, these two claims really merge into one.[3]

In reviewing an order of summary judgment, we engage in the same inquiry as the trial court. Summary judgment is to be granted only if the record demonstrates that there is no genuine issue as to any fact that is material to the cause of action, *Seven Gables Corp. v. MGM/UA Entertainment Co.*, 106 Wn.2d 1, 12, 721 P.2d 1 (1986), and that the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). The court must consider the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. The motion should be denied if reasonable persons could reach differing conclusions. *Wilson.*

RCW 66.44.270(1) makes it unlawful:

for any person to sell, give, or otherwise supply liquor to any person under the age of twenty–one years or permit any person

---

[3]For reasons that will become apparent, it is not necessary for us to reach the question of whether, as a matter of law, Friend may be excluded from liability based on facts which arguably indicate he did not furnish any liquor.

under that age to consume liquor on his or her premises or on any premises under his or her control.

Under RCW 5.40.050, breach of a duty imposed by statute may be considered as evidence of negligence. Thus, the issue, concisely stated, is whether Petty and Friend breached any statutory duty imposed by RCW 66.44.270(1). If they did, the summary judgment should be reversed so that the evidence of that breach can be put before a fact-finder charged with determining negligence.

The modern legal history in Washington relating to social host liability began with *Halvorson v. Birchfield Boiler, Inc.*, 76 Wn.2d 759, 458 P.2d 897 (1969). There, the court refused to impose liability on a company that furnished liquor during a Christmas party to an adult employee who later injured the plaintiff in an automobile accident. The decision rested on the common law rule that the furnishing of the intoxicant was not the proximate cause of the injury as a matter of law. *Halvorson*, 76 Wn.2d at 762–65. The court recognized, however, that exceptions have been made to the common law rule where alcohol is furnished to a minor or to a person in a state of helplessness or intoxication. *Halvorson*, 76 Wn.2d at 762–64.

*Halvorson* was followed by *Hulse v. Driver*, 11 Wn. App. 509, 524 P.2d 255, *review denied*, 84 Wn.2d 1011 (1974) in which minors furnished alcohol to another minor, and allowed him to drive. The result was a head–on collision with plaintiff's vehicle. The *Hulse* court extended *Halvorson* to furnishing to minors, holding that no cause of action would lie against one who furnishes alcoholic beverages to a minor in a social context. *Hulse*, 11 Wn. App. at 514. The *Hulse* court stated that the imposition of such liability should be a legislative decision. *Hulse*, 11 Wn. App. at 513–14. Nonetheless, *Hulse* did leave open the possibility that furnishing alcohol to one in a state of helplessness or severe intoxication might lead to a different result. *Hulse*, 11 Wn. App. at 513.

Relying on the recognition in *Halvorson* that liability may lie for furnishing liquor to an intoxicated person or a

minor, the court held in *Callan v. O'Neil*, 20 Wn. App. 32, 578 P.2d 890 (1978) that it was negligence per se for a tavern keeper to furnish liquor to a minor, absent reasonable precautions to determine the age of the customers. *Callan*, 20 Wn. App. at 38–40. In imposing that liability, the *Callan* court held that in enacting the state liquor act, RCW Title 66, the Legislature "established [minors] as a protected class". The same statute that is at issue here, RCW 66.44-.270, was one of several alleged to have been violated in *Callan. Callan*, 20 Wn. App. at 36. The court noted that the Legislature had determined that minors are neither "physically nor mentally equipped to handle the consumption of intoxicating liquor". *Callan*, 20 Wn. App. at 39.

The next case involving social furnishing of alcohol to a minor was *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). The court clarified *Halvorson*, stating three exceptions to the common law rule of nonliability: furnishing to "obviously intoxicated persons, persons in a state of helplessness, or persons in a special relationship to the furnisher of intoxicants." *Wilson*, 98 Wn.2d at 438.[4] There, the court found no question of fact regarding any of these three factors, so affirmed the trial court's summary judgment in favor of the defendant furnishers. *Wilson*, 98 Wn.2d at 438–40.

The *Wilson* court did consider adding one more exception to the common law rule of nonliability, based upon service to minors,[5] citing *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity*, 258 Or. 632, 485 P.2d 18, 53

---

[4]A later case, *Halligan v. Pupo*, 37 Wn. App. 84, 89–90, 678 P.2d 1295 (1984), opined that the *Halvorson* decision did not provide the *Wilson* court with a basis for an "obviously intoxicated" exception. The Wilson court appears to have derived this from the *Halvorson* exception for one whose drunken condition had produced such a state of "'helplessness or debauchery'" that he was not able to control his actions. *See Halligan*, 37 Wn. App. at 89.

[5]A negligence per se claim under the same statute that is at issue here, RCW 66.44.270, was raised on appeal but not considered since it had not been raised at trial. *Wilson v. Steinbach*, 98 Wn.2d 434, 440, 656 P.2d 1030 (1982).

A.L.R.3d 1276 (1971). The *Wilson* court stated that liability may arise in certain situations involving providing alcohol to minors, for example, "where the minor is very young and incapable of consenting to consume alcohol, where there is a great degree of social pressure on the minor to drink, or where extreme intoxication is a primary purpose in supplying liquor." *Wilson*, 98 Wn.2d at 441. The court did not find any such factors present in the case before it, so did not actually reach the question of whether those factors or any others could be the basis for an additional exception to the general rule of nonliability.

In *Baughn v. Malone*, 33 Wn. App. 592, 656 P.2d 1118 (1983), the court held that the plaintiff could not be contributorily negligent for the social furnishing of alcohol to a minor who later drove a vehicle in which the plaintiff was injured. Although the court stated flatly that "[l]iquor supplied to a minor in a social context is not actionable", *Baughn*, 33 Wn. App. at 598, it was unnecessary for the court to consider any of the exceptions that were developed in *Halvorson* and *Wilson*.

In *Young v. Caravan Corp.*, 99 Wn.2d 655, 663 P.2d 834, 672 P.2d 1267 (1983), the court found its first opportunity to apply the obvious intoxication exception. In that case, a commercial vendor provided liquor to a minor, who was later killed in a 1–car accident. *Young*, 99 Wn.2d at 657. The court reversed a summary judgment order in favor of the tavern on the grounds, in part, that a factual issue had been raised regarding the obvious intoxication of the minor. *Young*, 99 Wn.2d at 659.[6] Similarly, in *Halligan v. Pupo*, 37 Wn. App. 84, 678 P.2d 1295 (1984), this court reversed a

---

[6]The court also reaffirmed the holdings in *Callan* and *Baughn* that violation of the legislatively imposed duty to refrain from selling alcohol to minors constitutes negligence per se, absent reasonable precautions by the vendor to determine whether the customers are of legal age. *Young v. Caravan Corp.*, 99 Wn.2d 655, 660–61, 663 P.2d 834, 672 P.2d 1267 (1983); *see also Purchase v. Meyer*, 108 Wn.2d 220, 228, 737 P.2d 661 (1987) (holding that duty not to sell liquor to minors is owed both to minors and to members of general public).

summary judgment in favor of an employer who had furnished alcohol to an *adult* employee at a Christmas party on the grounds that a genuine issue of fact had been raised regarding the consumer's obvious intoxication. *Pupo*, 37 Wn. App. at 88.

The obvious intoxication exception was further developed in *Dickinson v. Edwards*, 105 Wn.2d 457, 716 P.2d 814 (1986), which involved furnishing by an employer to an adult employee at a company banquet. The court held there was an issue of material fact as to obvious intoxication. The court was careful to say, however, that it was reserving "comment on the potential liability of hosts in a purely social setting." *Dickinson*, 105 Wn.2d at 466.

This history of social host liability in Washington now reaches *Burkhart v. Harrod*, 110 Wn.2d 381, 755 P.2d 759 (1988), the case primarily relied on by Petty and Friend at trial and on appeal. In that case, our Supreme Court affirmed a summary judgment in favor of defendants who had furnished alcohol to adults in a social setting. The court stated that it had never held that a purely social host could be liable as a furnisher of alcohol, noting that the *Wilson* court had not reached the issue of social host liability.[7] *Burkhart*, 110 Wn.2d at 384 & n.1. The court further stated that the question of social host liability was a legislative one. *Burkhart*, 110 Wn.2d at 385–86. While holding that the question was not appropriate for judicial determination, *Burkhart*, 110 Wn.2d at 388–90, the court nonetheless opined that it would be unwise to impose common law liability on social hosts. *Burkhart*, 110 Wn.2d at 386–88.

Justice Utter, concurring, recognized that since the facts of *Burkhart* did not raise the issue of liability of a social host for serving alcohol to obviously intoxicated guests, the majority's "sweeping statements immunizing social hosts

---

[7]The *Wilson* court analyzed the facts of the case before it with reference to the three recognized *Halvorson* exceptions to the rule of nonliability and found no basis for a cause of action under *Halvorson*. *Wilson*, 98 Wn.2d at 438–40.

from liability are dicta." *Burkhart,* 110 Wn.2d at 394 (Utter, J., concurring). The *Burkhart* opinion has been sharply criticized for that reason and others. *See Recent Cases,* 102 Harv. L. Rev. 549 (1988) ("the *Burkhart* court not only failed to articulate a convincing rationale for failing to recognize such a duty but also declined to fulfill its proper role in defining the norms of responsible social behavior").

The latest Supreme Court opinion on this subject, *Christen v. Lee,* 113 Wn.2d 479, 780 P.2d 1307 (1989), dealt with a *commercial* supplier of liquor to a minor, and thus does not directly answer the issue presented here. *See Christen,* 113 Wn.2d at 501. The court did appear to step back from *Burkhart* slightly, however, by declining to foreclose the possibility that a common law duty not to serve intoxicating liquor to a minor might exist in this state. *See Christen,* 113 Wn.2d at 501.

We turn now to the particular facts and policy questions raised by the case before us. Hansen's argument has much to commend it.

First, it is beyond doubt or cavil that the intent of the Legislature in enacting RCW 66.44.270 was to protect minors. It has been so held numerous times. *See, e.g., Young,* 99 Wn.2d at 660; *Hostetler v. Ward,* 41 Wn. App. 343, 354, 704 P.2d 1193 (1985), *review denied,* 106 Wn.2d 1004 (1986); *Callan,* 20 Wn. App. at 38–39. The statute clearly prohibits giving or supplying liquor to minors. Hansen argues convincingly that there is no need for judicial deference to the Legislature on this subject because the legislative mandate is clear from the plain language of the statute. She quotes in her brief from the dissenting opinion of Justice Durham (author of *Burkhart*) in *Dickinson v. Edwards, supra:*

> By including the word "give" in RCW 66.44.270 [pertaining to furnishing to minors] but omitting it from RCW 66.44.200 [prohibiting the sale of liquor to persons under the influence], a clear legislative choice has been made. Under the act, gratuitous furnishers of alcohol are liable only for furnishing minors, not for furnishing apparently intoxicated adults.

*Dickinson,* 105 Wn.2d at 490 (Durham, J., dissenting).[8]

Secondly, we conclude that it is illogical to limit the scope of potential liability for violating a duty not to furnish intoxicating liquor to cases involving driver error. The origin of this limitation is in the following language of *Halvorson:*

> It may be that the social and economic consequences of "mixing gasoline and liquor" should lead to a rule of accountability by those who furnish intoxicants to one who becomes a tort–feasor by reason of intoxication, but such a policy decision should be made by the legislature after full investigation, debate and examination of the relative merits of the conflicting positions. *Accord, Hamm v. Carson City Nugget, Inc.,* [85] Nev. [99], 450 P.2d 358 (1969). *Also see Carr v. Turner,* 238 Ark. 889, 385 S.W.2d 656 (1965).

*Halvorson,* 76 Wn.2d at 765. The two out–of–jurisdiction decisions cited support the concept of deference to the Legislature, but neither suggests a need for a limitation to cases involving driving while intoxicated. The *Halvorson* "mixing gasoline and liquor" language has been repeatedly referred to or quoted in subsequent cases, *see Burkhart,* 110 Wn.2d at 388 (citing cases), until its most recent application in *Christen v. Lee, supra.* There, the court held that the scope of the duty not to overserve intoxicating liquor did not include criminal assault, but rather that "the general field of danger covered by this duty" was driver error. *Christen,* 113 Wn.2d at 503; *see also Christen,* 113 Wn.2d at 496, 504.[9]

---

[8]A similar analysis of a similar statutory scheme appears in *Brattain v. Herron,* 159 Ind. App. 663, 674, 309 N.E.2d 150, 156 (1974) ("The Legislature has not seen fit to distinguish between a seller and a social provider of alcoholic beverages to a minor and it is our opinion that no such distinction would be either logical or equitable.").

[9]The *Christen* majority did not directly quote the *Halvorson* language, but cited instead to the concurring opinion of Justice Utter in *Burkhart v. Harrod,* 110 Wn.2d 381, 395–96, 755 P.2d 759 (1988) (Utter, J., concurring), where he stated that driver error was *a* foreseeable result of "mixing gasoline and liquor". Justice Utter did not say, however, that driver error was the *only* foreseeable result of overserving.

It may be appropriate, as in *Christen,* to limit the class of potential *third party* tort victims. However, such a limitation is not logically relevant to the furnishing of alcohol to minors who are injured thereby, because it would be in direct conflict with the previously mentioned statutory policy to protect minors. It would be highly illogical to limit that statutory protection of minors solely to those minor consumers who happened to be of driving age, that is, 16 and over, and happened to injure themselves in automobile accidents. Harm to minors from consuming alcohol can occur in countless ways, many of which, given our increasing social awareness of the dangers of intoxicants, are no less foreseeable than driver error.

Thirdly, we observe that our courts have provided tort remedies in numerous other areas where a legislative enactment or an administrative regulation is violated. *See, e.g., Young v. Caravan Corp.,* 99 Wn.2d 655, 660, 663 P.2d 834, 672 P.2d 1267 (1983) (sale of alcohol to minors); *Kelley v. Howard S. Wright Constr. Co.,* 90 Wn.2d 323, 336, 582 P.2d 500 (1978) (OSHA regulation); *Goodell v. ITT–Federal Support Servs., Inc.,* 89 Wn.2d 488, 493, 573 P.2d 1292 (1978) (electrical construction standards); *Bayne v. Todd Shipyards Corp.,* 88 Wn.2d 917, 919–20, 568 P.2d 771 (1977) (guardrail regulation); *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 257–58, 501 P.2d 285 (1972) (limiting hours of employment of minors); *see also Rathvon v. Columbia Pac. Airlines,* 30 Wn. App. 193, 207, 633 P.2d 122 (1981) (recognizing validity of tort remedy concept but finding no violation of federal aviation regulations), *review denied,* 96 Wn.2d 1025 (1982).[10]

Finally, we do not perceive that the concerns expressed in *Burkhart* about potential social host liability necessarily apply in the context of minors and alcohol. With respect to

---

[10]We recognize that the reliance in these cases on the principle of negligence per se would translate here to an opportunity for the plaintiff to present the statutory violation as evidence of negligence. *See Fraser v. Beutel,* 56 Wn. App. 725, 740, 785 P.2d 470, *review denied,* 114 Wn.2d 1025 (1990).

minors, the task of a social host is relatively easy to define: the duty is not judging when to *stop* serving an intoxicated person, as is required of commercial purveyors under RCW 66.44.200, but rather not knowingly furnishing *any* alcohol to a minor.[11] *See* RCW 66.44.270(1).

As we have noted, Hansen's arguments are persuasive. Were it not for the decisive stand taken by the Supreme Court in *Burkhart v. Harrod, supra,* and *Wilson v. Steinbach, supra,* the latter of which did involve a minor, we would be inclined to reverse the trial court's summary judgment and recognize the claimed cause of action. However, we cannot ignore the clear implication in both of those opinions that our courts should defer to the Legislature in this arena. *See Burkhart,* 110 Wn.2d at 385–86; *Wilson,* 98 Wn.2d at 441. We therefore are constrained to hold that at the present time, no cause of action exists in this state against social hosts who serve minors.[12]

---

[11]Except under those conditions set forth in RCW 66.44.270(3), (4), and (5).

[12]Cases from other jurisdictions are in conflict on this issue. The following have held that a cause could be maintained by an injured third party against a social host who serves minors: *Ely v. Murphy,* 207 Conn. 88, 540 A.2d 54 (1988); *Sutter v. Hutchings,* 254 Ga. 194, 327 S.E.2d 716 (1985); *Brattain v. Herron,* 159 Ind. App. 663, 309 N.E.2d 150 (1974); *Thaut v. Finley,* 50 Mich. App. 611, 213 N.W.2d 820 (1973); *Linn v. Rand,* 140 N.J. Super. 212, 356 A.2d 15 (1976); *Wiener v. Gamma Phi Chapter of Alpha Tau Omega Fraternity,* 258 Or. 632, 485 P.2d 18, 53 A.L.R.3d 1276 (1971). In cases involving injuries to minor consumers, courts have also held a cause of action for social host liability could be maintained. *See, e.g., Longstreth v. Gensel,* 423 Mich. 675, 377 N.W.2d 804 (1985); *Batten v. Bobo,* 218 N.J. Super. 589, 528 A.2d 572 (1986); *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983). Most of the cases to the contrary involve liability to third parties injured by an intoxicated minor. *See, e.g., Bankston v. Brennan,* 507 So. 2d 1385 (Fla. 1987); *Lowe v. Rubin,* 98 Ill. App. 3d 496, 424 N.E.2d 710, *cert. denied,* 85 Ill. 2d 578 (1981); *Harriman v. Smith,* 697 S.W.2d 219 (Mo. App. 1985). It has also been held that no liability can lie against a social host for injuries to the minor consumer. *See Martin v. Palazzolo Produce Co.,* 146 Ill. App. 3d 1084, 497 N.E.2d 881 (1986); *Andres v. Alpha Kappa Lambda Fraternity,* 730 S.W.2d 547 (Mo. 1987).

Affirmed.

SCHOLFIELD and WINSOR, JJ., concur.

Review granted at 116 Wn.2d 1007 (1991).