CONCERNED COUPEVILLE CITIZENS, *Respondent,* v.
THE TOWN OF COUPEVILLE, *Respondent,*
LANDMARK PLAZA, INC., *Appellant.*

*James L. Kotschwar,* for appellant.

*Kenneth C. Pickard* and *Michael W. Gendler,* for respondent Concerned Coupeville Citizens.

*Debra Babb,* for respondent Coupeville.

SCHOLFIELD, J. — Landmark Plaza, Inc., appeals the trial court's entry of partial summary judgment in favor of respondent Concerned Coupeville Citizens, in which the court vacated the Coupeville Town Council's grant of a conditional use permit to Landmark.[1] We reverse.

## FACTS

Appellant Landmark Plaza, Inc. (Landmark) sought to construct a commercial mini-storage on property it owned in Coupeville, Washington. Because the intended use was classified as a "conditional use" by Coupeville Town Ordinance 381E, a conditional use permit was required. On April 3, 1989, Landmark filed an application for a conditional use permit with the Town of Coupeville.

---

[1] Respondent Town of Coupeville has incorporated and adopted the brief of Landmark as representing its position in this appeal.

On April 12, 1989, the Town posted a "Notice of Public Hearing", stating that the Coupeville Planning Commission would hold a public hearing regarding the application on April 27, 1989. Following the hearing, the Planning Commission voted to deny Landmark's conditional use application. The next day, April 28, Landmark filed a written request with the Town requesting that it hold a public hearing on the conditional use application. The request included a statement that "Landmark Plaza desires to appeal the Planning Commission[']s decision of April 27, 1989 concerning this application."

Under Coupeville Town Ordinance (CTO) 10.20.035, Planning Commission decisions may be appealed to the Town Board of Adjustment; the ordinance provides that for matters pertaining to properties within the town limits, the Town Council serves as the Board of Adjustment.[2] A regular meeting of the Coupeville Town Council was held on May 22, 1989, following which the Council voted to approve Landmark's conditional use permit.

The Concerned Coupeville Citizens (CCC) thereafter petitioned the Island County Superior Court for a writ of certiorari to review the Town Council's grant of Landmark's conditional use permit. Named as defendants in the suit were Landmark and the Town of Coupeville. CCC argued that, under the provisions of CTO 10.30.100(B), the Planning Commission *and* Town Council must make certain findings in writing as a condition precedent to the grant of a conditional use permit. Because the Planning Commission had denied Landmark's permit and, further, did not make the required findings pursuant to section 10.30.100(B), CCC argued that the Council's grant of the permit was void.

Although CTO 10.20.035 provides for the appeal of Planning Commission decisions to the Town Board of

---

[2]As used in this opinion, the terms "Town Council" and "Board of Adjustment" refer to the same entity.

Adjustment, CCC argued that the appeal procedures were not applicable, as such procedures were confined to regulations established by that chapter. The provisions relating to the issuance or denial of conditional use permits, CCC argued, were in a different chapter of the ordinance, chapter 10.30.

The trial court issued a memorandum decision on February 26, 1990. The court agreed with CCC's interpretation of section 10.30.100(B), and stated that both Planning Commission and Town Council must make certain findings in writing in order for a conditional use permit to be granted. The court further believed that the Town Council had delegated fact-finding authority to the Planning Commission by ordinance and that the Council could not, simply by disagreeing with the Planning Commission, amend the ordinance. While the court determined that the appeal provisions of section 10.20.035 were generally applicable to all sections of the ordinance, it stated:

> [I]n view of the wording of the town ordinance, fact finding authority for granting a conditional use permit has been delegated to the Planning Commission and the only appeal from the findings or lack thereof of the Planning Commission would be by writ to the Superior Court alleging arbitrary or capricious action on the Commission's part.

From an order of summary judgment in favor of CCC, Landmark appeals.

### REVIEW OF SUMMARY JUDGMENT

█ In reviewing an order of summary judgment, an appellate court engages in the same inquiry as the trial court. *Hansen v. Friend*, 59 Wn. App. 236, 240, 797 P.2d 521 (1990), *review granted*, 116 Wn.2d 1007 (1991). Summary judgment is to be granted only if the record demonstrates that there is no genuine issue as to any fact that is material to the cause of action and that the moving party is entitled to judgment as a matter of law. *Hansen,*

at 240. The court must consider the facts and all reasonable inferences therefrom in a light most favorable to the nonmoving party. *Hansen*, at 240. The motion should be denied if reasonable persons could reach differing conclusions. *Hansen*, at 240.

ISSUES PRESERVED FOR REVIEW

Under CTO 10.20.035, decisions of the Planning Commission may be appealed to the Town Council, which serves as the Board of Adjustment. Landmark made arguments regarding this right of appeal in the writ of certiorari proceeding before the trial court and seeks to raise these same arguments here.[3] CCC argues, however, that Landmark did not follow the procedures outlined in the ordinance in bringing its "appeal" from the Planning Commission to the Town Council. Although the Council voted to approve Landmark's conditional use permit, CCC argues that the Council was not acting as a Board of Adjustment, and thus no "appeal" occurred for purposes of CTO 10.20.035.[4] Therefore, CCC contends that the trial court should not have considered Landmark's arguments regarding the right of appeal under section 10.20.035, and neither should this court. CCC further notes that the trial court found the relevant appeal procedures applicable and that Landmark did not assign error to this finding.

■ Nothing in the record indicates that CCC made these arguments before the trial court. Instead, CCC contended that the appeal provisions of CTO 10.20.035 were not applicable. As an alternative to this argument, CCC

---

[3]Landmark also raised issues pertaining to the powers of planning commissions under RCW 35.63.

[4]In support of this argument, CCC argues that proper notice procedures were not met, that Landmark did not assign error to the Planning Commission's findings, and that its "notice of appeal" was a mere request for a public hearing. Therefore, CCC contends, the Town Council was acting as a de novo public hearing board, rather than a Board of Adjustment, and for that reason Landmark "disdained" proper appeal procedures.

did briefly argue that Landmark had failed to allege error in its "appeal" from the Planning Commission's decision.[5] CCC's other arguments relating to improper appeal procedures were not raised at trial. Contentions not made to the trial court in its consideration of a summary judgment motion need not be considered on appeal. *Re v. Tenney*, 56 Wn. App. 394, 399, 783 P.2d 632 (1989).

▮ Furthermore, it is of no consequence that Landmark failed to assign error to the trial court's "finding" that the appeal provisions of section 10.20.035 were applicable. Findings of fact and conclusions of law are not necessary on summary judgment and, if made, are superfluous and will not be considered on appeal. *Donald v. Vancouver*, 43 Wn. App. 880, 883, 719 P.2d 966 (1986). A litigant need not assign error to superfluous findings.

Our review of the record indicates that Landmark properly raised, at trial, the issues it seeks to raise before this court.

AUTHORITY OF TOWN COUNCIL UNDER
COUPEVILLE TOWN ORDINANCE
AND RCW 35.63

CTO 10.30.100 pertains to conditional uses and the granting of conditional use permits. Relevant portions of the code provide as follows:

B) Standards
As specific conditions precedent to the granting of any conditional use permit, the Planning Commission and Town Council, after a public hearing, must find in writing that:
1) The requested conditional use is reasonably necessary for the public health, safety and general welfare;
2) The requested conditional use will not permanently or substantially injure the lawful use of neighboring uses;
3) The requested conditional use will generally be in harmony with the comprehensive plan; and

---

[5]CCC's alternative argument is without merit. CTO 10.20.035(A)(1) states that "[t]he Board of Adjustment shall hear and decide appeals taken from the Planning Commission when it is alleged there is error in any order, . . . ". The ordinance does not specify requirements that an allegation of error must contain. Landmark's notice of appeal substantially complied with the ordinance.

4) The requested conditional use is a conditional use expressly permitted by the zoning ordinance in the district in which the conditional use permit is requested.

CTO 10.30.100(B). Appeals to the Town Board of Adjustment are provided for in section 10.20.035 of the ordinance. That section states that "[f]or matters pertaining to properties inside the Town of Coupeville town limits, the Town Council shall be the Board of Adjustment." Additional provisions outline the powers of the Board:

A) Powers of the Board of Adjustment
1) Appeals from decisions of the administrative official and Planning Commission concerning matters of interpretation. The Board of Adjustment shall *hear and decide appeals taken from the Planning Commission when it is alleged there is error in any order, requirement, decision or determination made by the administrative official and/or the Planning Commission* concerning the regulations established by this Chapter.
2) In exercising the above-mentioned powers, the Board of Adjustment may, in conformity with the provision, reverse or affirm, wholly or partly, or modify the order, requirements, decision or determination appealed from and make such order, requirement, decision or determination as ought to be made, *and to that end shall have all the powers of the body from whom the appeal is taken.*

(Italics ours.) CTO 10.20.035(A)(1)-(2).

The dispute in this case centers on the powers possessed by the Town Council, acting as a Board of Adjustment, when deciding appeals from Planning Commission decisions. Landmark contends that the general laws of this state do not permit a town council to delegate final approval authority to a planning commission on questions of land use, zoning, or permit decisions. Landmark further argues that CTO 10.20.035(A) clearly gives the Council the right to reverse any decision of the Planning Commission.

On the other hand, CCC contends that before a conditional use permit can be issued, section 10.30.100(B) of the ordinance states that both the Planning Commission *and* Town Council, following a public hearing, must find

in writing that four requirements have been met. In this case, the Planning Commission did not make the required findings. Under CCC's interpretation of the ordinance provisions, once the Planning Commission decides to deny a conditional use permit, the Town Council acting as a Board of Adjustment has no authority to reverse or modify the decision pursuant to any "appeal" under CTO 10.20.035(A).

■ ■ We reject CCC's interpretation of the ordinance provisions. If decisions of the Planning Commission were binding on the Town Council, the appeal provisions of section 10.20.035(A) would be meaningless. Furthermore, to interpret the ordinance in the manner urged by CCC would render it inconsistent with state law.

The powers of planning commissions are outlined in RCW 35.63.060. In pertinent part, that statute reads as follows:

> The commission may act as the research and fact finding agency of the municipality. To that end it may make such surveys, analyses, researches and reports as are generally authorized or requested by its council or board, or by the state with the approval of its council or board.

In *D.E.B.T., Ltd. v. Board of Clallam Cy. Comm'rs*, 24 Wn. App. 136, 600 P.2d 628 (1979), the court construed RCW 35.63.060 as giving a planning commission only the power to make recommendations to a board of county commissioners. *D.E.B.T.*, at 139. The court held that the adoption or rejection of such recommendations is in the sound discretion of the Board and that the Board may disaffirm any decision of the planning commission. *D.E.B.T.*, at 139. In reaching this conclusion, the court relied upon RCW 35.63.120, which provides as follows in pertinent part:

> The council or board, pursuant to public hearing called by them upon application therefor by any interested party or upon their own order, *may affirm, modify or disaffirm any decision of the commission.*

(Italics ours.) RCW 35.63.120.

The court went on to state, however, that *"unless Clallam County ordinances provide otherwise*, it is clear from the general law concerning planning commissions in this state and elsewhere that a planning commission functions as a fact-finding tribunal whose recommendations are not necessarily binding upon the municipality's legislative body." (Italics ours.) *D.E.B.T.*, at 139. In reliance on this language from the *D.E.B.T.* opinion, CCC argues that the Coupeville ordinances "provide otherwise" in that they permit the Planning Commission to make decisions binding on the Town Council.

■ ■ To the extent that the court's statement in *D.E.B.T.* implies that a municipality may enact an ordinance divesting a council or board of its authority, the statement is dicta[6] and need not be followed here. *See State v. Forhan*, 59 Wn. App. 486, 489, 798 P.2d 1178 (1990) (courts not bound to follow dicta). The ordinances construed in *D.E.B.T.* clearly vested ultimate responsibility for environmental decisions with the Board of Clallam County Commissioners. *D.E.B.T.*, at 139-40. As such, the *D.E.B.T.* court's suggestion that the county could enact an ordinance providing otherwise did not relate to an issue before it and was unnecessary to decide the case.

CCC also relies on *Lauterbach v. Centralia*, 49 Wn.2d 550, 304 P.2d 656 (1956) as authority for the argument that planning commission approval may properly be a condition precedent for the granting of a permit. The court in *Lauterbach* concluded that, under Laws of 1935, ch. 44, § 9 (codified as RCW 35.63), a local legislative body which had created a planning commission pursuant to that chapter could not amend a zoning ordinance without the recommendation or concurrence of the planning commission. *Lauterbach*, at 557-59. The court's conclusion was based on the specific language of ch. 44, § 9, which provided:

---

[6]*See Buchsieb/Danard, Inc. v. Skagit Cy.*, 31 Wn. App. 489, 492 n.2, 643 P.2d 460 (1982) (characterizing *D.E.B.T.* court's statement as dicta), *aff'd*, 99 Wn.2d 577, 663 P.2d 487 (1983).

> Any ordinance or ordinances, resolution or resolutions, adopting any such plan or regulations, or any part thereof, may be amended, supplemented, changed or modified by subsequent ordinance or resolution adopted by the council or board *upon recommendation of or with the concurrence of the commission.*

(Italics ours.) Laws of 1935, ch. 44, § 9; *see also Lauterbach*, at 552-53.

The provision relied upon by the court in *Lauterbach* has since been amended. *See* Laws of 1957, ch. 194, § 1. The present version of the law, codified as RCW 35.63-.120, no longer contains the clause "upon recommendation of or with the concurrence of the commission." Instead, the statute provides that the council or board may "affirm, modify or disaffirm any decision of the commission." RCW 35.63.120. The reasoning of *Lauterbach* on this issue is therefore no longer controlling.

Both Landmark and CCC have raised issues pertaining to what powers may be lawfully delegated by the Town Council to the Planning Commission. Resolution of this case does not require a lengthy discussion of such issues. It is clear that under RCW 35.63.060, a planning commission "may act as the research and fact finding agency of the municipality." A commission acting in such a capacity, however, does not possess fact-finding powers that are final and unreviewable by the municipality. This is made clear by the terms of RCW 35.63.120, which empowers the council or board to "modify or disaffirm any decision of the commission." The appeal provisions of CTO 10.20.035 are fully consistent with this principle.

CTO 10.30.100(B) provides that the Planning Commission and Town Council must make certain findings as a condition precedent to the granting of a conditional use permit. However, we do not construe this provision as limiting the Council's appellate authority under CTO 10.20.035. The proper construction to be given to CTO 10.30.100(B) is that if the Planning Commission is to grant a conditional use permit, it must make the required findings, and if the Town Council is to approve the permit,

it must also make the required findings. This interpretation leaves the language of section 10.30.100 intact, while also preserving the right of appeal from an adverse decision of the Planning Commission under section 10.20.035.

### ARBITRARY AND CAPRICIOUS ACTION
### BY TOWN COUNCIL

CCC finally argues that the Town Council's grant of Landmark's permit was arbitrary and capricious because the Town's comprehensive plan prohibits the proposed development.[7] Because the trial court's decision was based on an interpretation of the Coupeville ordinances, it did not address this issue, and we decline to do so for the first time on appeal. *See Christian v. Purdy*, 60 Wn. App. 798, 803, 808 P.2d 164 (1991). We therefore reverse the trial court's decision and remand this case for a determination of whether the Council's action was arbitrary and capricious.

Judgment reversed.

KENNEDY and AGID, JJ., concur.

Review denied at 118 Wn.2d 1004 (1991).

[No. 23622-9-I.  Division One.  August 19, 1991.]

---

[7] We note that at the time the Council acted on this matter, it had not yet adopted the Town's comprehensive plan. The Council approved Landmark's conditional use permit on May 22, 1989. As CCC concedes in its brief, the Council did not adopt the Town's comprehensive plan until July 24, 1989.