IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOSE LUIS RODRIGUEZ JR., | ) | No. 40504-4-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WALLA WALLA POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Jose Rodriguez appeals after the trial court summarily dismissed his claim against the Walla Walla Police Department (WWPD) seeking documents and other remedies under the Public Records Act (PRA), chapter 42.56 RCW. In reversing, we reject WWPD's assertion that Rodriguez's request was limited to those pages containing his name and its argument that the nondisclosed records are categorically exempt under RCW 42.56.240, the investigative records exemption.

FACTS

In July 2022, the Walla Walla prosecutor's office publicly filed a four-page certificate of probable cause against Clemente Garcia Cerda supporting a charge of murder in the 2014 killing of Salvador Gonzalez Urincho. The certificate recounted the

details of Urincho's killing by Cerda and his accomplice, Charley Lozano Magana, and

identified various witnesses by names and dates of birth. In July 2022, the Walla Walla

prosecutor's office charged Cerda with the first degree murder of Urincho.

On September 20, 2022, Jose Rodriguez sent the following public records request

to WWPD:

> All police records and documents including incident reports, case reports,
> interviews, notes, or any other information documented in the Walla Walla
> police departments records system mentioning or related to myself, Jose
> Luis Rodriguez Jr.

Clerk's Papers (CP) at 13. The request included various other names by which

Rodriguez may have been known, in addition to his date of birth and address. WWPD

promptly identified responsive incident reports, and Rodriguez confirmed he wanted

copies of them.

In mid-October 2022, WWPD sent Rodriguez an e-mail attaching incident reports

related to a different Jose Rodriguez. With respect to the report related to him—incident

report 2014-19407—WWPD's records custodian estimated she needed an additional

month, "as I'm putting it together it already contains 450 pages." CP at 125. The lengthy

2014 report described by the records custodian is the investigation report of Urincho's

murder.

In late November 2022, WWPD provided Rodriguez with redacted copies of pages 1, 2, and 3 of the 2014 case report and redacted copies of pages 6, 8, and 11 of a supplemental report. It also provided him with a redaction log for pages 1, 2, and 3, as well as pages 24, 26, and 29 of the supplemental case report. It did not provide him with pages 24, 26, and 29 of the supplemental report nor did it provide a redaction log of pages 6, 8, and 11 of the same.

Accompanying the November disclosure, the records custodian explained:

After reviewing case report 2014-19407, it was determined that most of the case report will be exempt from disclosure to protect the victim and witnesses under RCW 42.56.240(2). I was however able to give you a copy of the initial case report and all supplementals that mention your name, see attached.

By providing you with copies of the responsive records, I am considering your request to be complete and closed.

CP at 25.

Rodriguez requested that WWPD reconsider its limited response. In January 2023, the records custodian informed Rodriguez that the Walla Walla city attorney confirmed the correctness of her response.

In February 2023, the Walla Walla prosecutor's office dismissed without prejudice the murder charge against Cerda. The investigation is ongoing, and no further charges have been filed.

Months later, Rodriguez filed this PRA action against WWPD. WWPD moved for summary dismissal of the action. It argued that it complied with the PRA by disclosing all of the pages in the 2014 investigative report that listed Rodriguez's name and asserted that all other portions of the 2014 report were exempt from disclosure under RCW 42.56.240, the investigative records exemption. The trial court agreed and summarily dismissed Rodriguez's PRA action.

Rodriguez appealed to this court.

## ANALYSIS

*Standard of Review*

"In reviewing an order of summary judgment, an appellate court engages in the same inquiry as the trial court." *Concerned Coupeville Citizens v. Town of Coupeville*, 62 Wn. App. 408, 411, 814 P.2d 243 (1991). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "A genuine issue of material fact exists if reasonable minds could disagree on the facts controlling the outcome of the case." *Reagan v. Newton*, 7 Wn. App. 2d 781, 789, 436 P.3d 411 (2019). We consider the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Concerned Coupeville Citizens*, 62 Wn. App. at 412.

4

We review all questions regarding an agency's obligations under the PRA de novo. *Cantu v. Yakima Sch. Dist. No. 7*, 23 Wn. App. 2d 57, 80, 514 P.3d 661 (2022).

*Public Records Act Overview*

The PRA requires each agency to "make available for public inspection and copying all public records" unless the record falls within certain specific statutory exemptions. RCW 42.56.070(1). "To the extent required to prevent an unreasonable invasion of personal privacy interests . . . an agency shall delete identifying details . . . when it makes available or publishes any public record; however, in each case, the justification for the deletion shall be explained fully in writing." *Id.*

The PRA describes its underlying policy concerns and how it is to be construed as follows:

> The people of this state do not yield their sovereignty to the agencies that serve them. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may maintain control over the instruments that they have created. *This chapter shall be liberally construed and its exemptions narrowly construed to promote this public policy and to assure that the public interest will be fully protected.* In the event of conflict between the provisions of this chapter and any other act, the provisions of this chapter shall govern.

RCW 42.56.030 (emphasis added). Washington courts have interpreted this provision to mandate full disclosure of requested public records except for limited, specific

exemptions. *E.g.*, *Cantu*, 23 Wn. App. 2d at 78; *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016); *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 719, 261 P.3d 119 (2011). *But see Forbes v. City of Gold Bar*, 171 Wn. App. 857, 866, 288 P.3d 384 (2012) (Nonresponsive records do not need to be provided.); *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 436-37, 327 P.3d 600 (2013) (The PRA does not apply to nonresponsive records.).

*Scope of Rodriguez's Request*

Rodriguez's PRA request was for "[a]ll police records and documents including incident reports, case reports, interviews, notes, or any other information documented in the Walla Walla police department[']s records system mentioning or related to" himself. CP at 13. WWPD claims that it complied with this request when it provided him only with pages from larger documents that mentioned his name. WWPD claims that "[i]t would not have been reasonable for [it] to ask for clarification on an objectively clear request." Resp't's Br. at 34.

WWPD's claims are disingenuous. Early on, WWPD's records custodian understood the scope of Rodriguez's request as encompassing full investigative reports and informed Rodriguez she needed more time to gather case report 2014-19407, noting "it already contains 450 pages." CP at 125. WWPD did not misunderstand the scope of Rodriguez's request. It correctly understood the request as encompassing entire reports.

To the extent WWPD argues the undisclosed portions of the 2014 report were

nonresponsive to Rodriguez's PRA request, we reject the argument.

> *Investigative Records Exemption*

As noted above, we construe PRA exemptions narrowly. The burden is on the

agency to show a withheld record falls within an exemption, and the agency is required to

identify the document itself and explain how the specific exemption applies in its

response to the request. *Neigh. All.*, 172 Wn.2d at 715. To the extent an agency can

effectively redact exempt information from a responsive record, it must redact and

disclose that record rather than refuse to disclose it altogether. *Resident Action Council*,

177 Wn.2d at 437.

RCW 42.56.240 exempts investigative, law enforcement, and crime victim records

from PRA disclosure. At issue in this appeal are the scope of records discussed in the

first two subsections of RCW 42.56.240:

> (1) Specific intelligence information and specific investigative records compiled by investigative, law enforcement, and penology agencies, and state agencies vested with the responsibility to discipline members of any profession, the nondisclosure of which is essential to effective law enforcement or for the protection of any person's right to privacy; [and]
> (2) Information revealing the identity of persons who are witnesses to or victims of a crime or who file complaints with investigative, law enforcement, or penology agencies, other than the commission, if disclosure would endanger any person's life, physical safety, or property.

To qualify for the investigative records exemption, the record must (1) be investigative in nature, (2) be compiled by a law enforcement, penology, or investigative agency, and (3) be essential to law enforcement or the protection of privacy. *Wade's Eastside Gun Shop, Inc. v. Dep't of Lab. & Indus.*, 185 Wn.2d 270, 281, 372 P.3d 97 (2016).[1] This exemption protects open police investigative files. *Cowles Publ'g Co. v. Spokane Police Dep't*, 139 Wn.2d 472, 477, 987 P.2d 620 (1999). But, "in cases where the suspect has been arrested and the matter referred to the prosecutor, any potential danger to effective law enforcement is not such as to warrant categorical nondisclosure of all records in the police investigative file." *Id.* at 479.

There is no dispute but that the requested records in this case are investigative and are compiled by a law enforcement agency. The parties dispute whether the records Rodriguez requested are essential to law enforcement or the protection of privacy.

WWPD argues that the nondisclosed records are categorically exempt because they relate to an ongoing criminal investigation and that disclosing them could endanger witnesses, informants, and law enforcement personnel. Rodriguez counters that dismissing a prosecution without prejudice and reopening the investigation does not

---

[1] *Newman v. King County*, 133 Wn.2d 565, 572-73, 947 P.2d 712 (1997), frames the test as a two-step inquiry, requiring (1) the information be compiled by a law enforcement agency, and (2) the document is essential for law enforcement. Any subtle differences between these tests is immaterial to this case.

revive the extinguished categorical investigative records exemption. We agree with

Rodriguez.

In *Sargent v. Seattle Police Department*, 179 Wn.2d 376, 386, 314 P.3d 1093

(2013), our high court emphasized that the investigative records exemption, like all

exemptions, must be construed narrowly. In reaffirming *Cowles*'s bright-line rule,

discussed above, the court rejected the notion that the categorical exemption, once lost,

could be resurrected:

> Here, the [Seattle Police Department] had concluded its investigation
> and referred Sargent's case to the prosecutor for a charging decision. At
> that point, the prosecutor could have pressed charges and disclosed the
> information to Sargent. The fact that the prosecutor declined to file charges
> and requested the SPD to conduct further investigation is of no import.
> *Cowles* recognized that referral to prosecutors signals the police's
> conclusion of its investigation and is a bright line for termination of the
> categorical exemption. . . . Expanding the court-made rule to cases that
> have been referred for charges but rejected by the prosecutor is a sweeping
> change that is not justified by the express language of the exemption, nor
> by the public policy favoring disclosure and accountability of government
> agencies to the public they serve.

*Id.* at 389.

The *Sargent* court then explained that the loss of the categorical exemption did not

leave law enforcement without a remedy:

> This is not to say that police cannot continue to protect
> investigations from disclosure following referral to a prosecutor. Some of
> the information Sargent sought may very well have been exempt. We
> simply hold that the SPD had the burden to parse the individual documents

> and prove to the trial court why nondisclosure was essential to effective law enforcement. *See Cowles*, 139 Wn.2d at 479 (recognizing the propriety of in camera review of specific documents to determine whether the exemption applies).

*Id.* at 390.

Similarly here, we reject the notion that the categorical exemption can be resurrected by dismissing a prosecution for further investigation. Nor does it matter that Cerda's accomplice has not been arrested. The police signaled the end of their investigation by referring charges to the prosecutor's office. The fact that further investigation is needed is an insufficient reason to upend the balance favoring termination of the categorical exemption.

On remand, the WWPD must provide Rodriguez with an exemption log that sufficiently identifies the records not disclosed and the reasons supporting nondisclosure. If Rodriguez challenges these nondisclosures, the trial court must conduct an in camera review of the records to determine whether WWPD has satisfied its burden of showing that nondisclosure is essential to law enforcement or the protection of privacy.

*Attorney Fees and Costs*

Rodriguez preserves his entitlement to an award of reasonable attorney fees on appeal by dedicating a portion of his opening brief to this request. Although Rodriguez is entitled to an award of costs due to his status as prevailing party on appeal, his

10

entitlement to attorney fees on appeal is premature, given there has been no determination yet of a wrongful withholding of public records. If, on remand, the trial court determines Rodriguez has shown a wrongful withholding of public records, the court should include in its award his reasonable attorney fees on appeal.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Murphy, J.