[No. 9528–5–I.   Division One.   May 4, 1981.]

WEST HILL CITIZENS FOR CONTROLLED DEVELOPMENT
DENSITY, ET AL, *Appellants,* v. THE KING
COUNTY COUNCIL, ET AL, *Respondents.*

*Roger M. Leed, Jeffrey Eustis,* and *Michael Gendler,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Susan Agid, Deputy,* for respondents.

DURHAM, J.—Subdivision opponents appeal the Superior Court's dismissal of their writ of review contesting the King County Council's approval of a preliminary plat, and a postjudgment order retaxing costs.

Respondent Hillis Homes, Inc., owns an 80.47–acre parcel located at the intersection of 51st Avenue South and South 296th Street outside of Federal Way in unincorporated King County. On April 22, 1977, it submitted an application for a preliminary plat called "Hillis Hills," proposing to subdivide the property into 295 single–family lots.

The primary issue in this appeal concerns the density of the preliminary plat. The Federal Way community plan map,[1] adopted in 1975, designates most of the area within the preliminary plat as "low density residential," two residential units per acre, and a small strip along the western edge as "medium density residential," two to nine residential units per acre. All of the area within the preliminary plat is zoned single–family residential. The density of the preliminary plat, approximately 3.6 units per acre, is consistent with applicable zoning ordinances, but exceeds the 2 units per acre designated by the Federal Way community plan map.

In a report prepared for the zoning and subdivision examiner (examiner), King County's Building and Land Development Division (BALD) did not recommend any particular density for Hillis Hills, but instead proposed three alternatives: (1) approval subject to the 2–unit–per–acre density limitation designated by the community plan map; (2) approval at a density consistent with current zoning; (3) delay of a decision until the Federal Way commu-

---

[1]The Federal Way community plan is a section of the King County Comprehensive Plan, which consists of a text and a map. Only the map specifies density.

nity plan revision study was completed.[2] The BALD report further stated that denial of the preliminary plat was not a "reasonable alternative" because "there are no environmental, code enforcement, or comprehensive plan policy issues on which to do so."

After public hearings, the examiner entered findings and conclusions, and recommended that the matter be remanded to him for further consideration after the King County Council had considered the Federal Way community plan revision study which was scheduled for completion the following month. The Council's land use appeal committee then recommended that the Council approve the preliminary plat at a density consistent with current zoning, the second alternative proposed by BALD. On November 6, 1978, the Council accepted the committee's recommendation, and approved the preliminary plat, stating that:

> [T]he Council has determined that it is not reasonable to withhold approval of the subject plat pending completion of the Federal Way Communities Plan Review Study and that its approval subject to conditions[3] will be in the public interest, . . .

West Hill Citizens for Controlled Development Density, et al (West Hill), appealed to superior court by a writ of review, pursuant to RCW 58.17.180. On September 10, 1979, 1 week before trial, the Council entered findings and conclusions supporting its approval of the Hillis Hills plat. The court tried the case on the record, and dismissed the writ. The court subsequently ordered West Hill to pay Hillis Homes $385.75 in deposition fees, among other costs.

West Hill first challenges the King County Council's approval of a preliminary plat with density consistent with applicable zoning ordinances, but exceeding restrictions in the community plan. West Hill contends that if a commu-

---

[2]Apparently a "Federal Way Community Plan Revision" was eventually adopted in 1980. *See* King County Code 20.12.140(b).

[3]The specified conditions are unrelated to the density issue.

nity plan establishes a more restrictive density than the zoning laws, the community plan must govern. Hillis Homes and King County argue that zoning laws take precedence over an inconsistent comprehensive plan.

The planning enabling act, RCW 36.70, clearly provides that a comprehensive plan serves "as a policy guide for the subsequent public and private development and official controls . . ."[4] RCW 36.70.020(6). In addition, RCW 36.70-.340 provides, in pertinent part:

> In no case shall the comprehensive plan, whether in its entirety or area by area or subject by subject be considered to be other than in such form as to serve as a guide to the later development and adoption of official controls.

Once a comprehensive plan is adopted, the planning agency uses it "as the basic source of reference and as a guide" in making reports and recommendations to the county council. RCW 36.70.450.

Both the planning enabling act and the plats and subdivisions statute, RCW 58.17, provide that the planning agency shall review all proposed subdivisions and make recommendations to assure conformance to the "general purposes of the comprehensive plan". *See* RCW 36.70.680; RCW 58.17.100. Such reports, however, are advisory only. RCW 58.17.100. Of all the factors that RCW 58.17.110 specifies that the county legislative body must consider before approving a subdivision, no reference is made to compliance with the comprehensive plan. Instead, the key statutory test is "whether the public interest will be served by the subdivision . . ." RCW 58.17.110. Similarly, chapter 19.08 of the King County Code, which also sets forth many factors for the Council to consider in evaluating approval of

---

[4] "'Official controls' means legislatively defined and enacted policies, standards, precise detailed maps and other criteria, all of which control the physical development of a county or any part thereof or any detail thereof, and *are the means of translating into regulations and ordinances all or any part of the general objectives of the comprehensive plan.* Such official controls may include, but are not limited to, ordinances establishing zoning, subdivision control, platting, and adoption of detailed maps." (Italics ours.) RCW 36.70.020(11).

a subdivision, makes no reference to compliance with the comprehensive plan.

■ Hillis Homes and King County correctly contend that Washington courts have held that a comprehensive plan is merely a "blueprint" that suggests various regulatory measures. *See Buell v. Bremerton,* 80 Wn.2d 518, 495 P.2d 1358 (1972); *Sharninghouse v. Bellingham,* 4 Wn. App. 198, 480 P.2d 233 (1971); *Shelton v. Bellevue,* 73 Wn.2d 28, 435 P.2d 949 (1968).[5] Strict adherence to a comprehensive plan has not been required. *Barrie v. Kitsap County,* 93 Wn.2d 843, 613 P.2d 1148 (1980). Even a zoning ordinance which conflicts with a comprehensive plan is not necessarily void. *Barrie v. Kitsap County, supra.*

The principal case upon which West Hill relies is *Baker v. Milwaukie,* 271 Or. 500, 533 P.2d 772 (1975), which held that a comprehensive plan controlled over a prior conflicting zoning ordinance. The court also held that a city's zoning decisions must be in accord with its comprehensive plan, and that a zoning ordinance which allows a more intensive use than the comprehensive plan must fail. *Baker,* at 779. However, the Washington Supreme Court, without specifically naming *Baker,* has clearly rejected its rationale, stating that "Oregon's statutory scheme substantially differs from Washington's." *Barrie,* at 848.

The *Barrie* court also briefly addressed the wisdom of not giving efficacy to a comprehensive plan, concluding, in effect, that legislative intent cannot be ignored. The court said:

> It may be argued that the purpose of the act [RCW 36.70]—assuring the highest standards of environment for living—is defeated when the plan is not strictly followed. However since planning agency reports and recommendations on proposed projects and controls—which

---

[5]We disagree with West Hill's contention that these cases are inapplicable because they interpret RCW 35.63 rather than RCW 36.70. RCW 36.70 is merely an alternative planning statute available to counties. *See* RCW 36.70.930; Comment, *Regional Planning and Local Autonomy in Washington Zoning Law,* 45 Wash. L. Rev. 593 (1970).

must indicate conformity or nonconformity with the comprehensive plan—are "advisory only" (RCW 36.70-.650 and RCW 36.70.540), it is evident the legislature intended that nonconformance with the plan should not necessarily block a project. *South Hill Sewer Dist. v. Pierce County,* 22 Wn. App. 738, 745–46, 591 P.2d 877 (1979). This is confirmed by the admonition that the comprehensive plan shall not be considered other than a guide to development and adoption of official controls. RCW 36.70.340.

*Barrie,* at 848. The contention raised by West Hill is clearly controlled by *Barrie,* and must be rejected.

■ West Hill next contends that the Council's action was arbitrary and capricious; we disagree. The King County Council did not approve the preliminary plat until after an environmental impact statement had been issued, after public hearings were conducted before the zoning and subdivision examiner, and after its land use appeal committee had considered the issue. Our review of the record shows that the Council's action was not willful and unreasoning, or without consideration or in disregard of the facts and circumstances of the case. *See Equitable Shipyards, Inc. v. State,* 93 Wn.2d 465, 611 P.2d 396 (1980); *Hansen v. Department of Labor & Indus.,* 27 Wn. App. 223, 615 P.2d 1302 (1980).

West Hill also argues that the King County Council's 10–month delay in entering findings and conclusions supporting its approval of the preliminary plat was prejudicial and denied them due process of law, inasmuch as they did not know the basis for the Council's decision until after judicial review was initiated. Both King County and Hillis Homes agree that contemporaneous findings and conclusions are preferable, but they argue that no prejudice resulted from the delay.

■ We agree that appellants have failed to make a showing of prejudice. The fact that the Council's findings and conclusions were entered just 1 week before trial was not prejudicial because both the findings and conclusions and the trial were based upon the record. The delay could

not have hindered judicial review because the basis for the Council's decision was clear from the text of the November 6, 1978 motion approving the preliminary plat. Neither *Panama Ref. Co. v. Ryan,* 293 U.S. 388, 79 L. Ed. 446, 55 S. Ct. 241 (1934), nor *Parkridge v. Seattle,* 89 Wn.2d 454, 573 P.2d 359 (1978), expressly requires findings and conclusions to be entered contemporaneously with an adjudicatory action. *See also* 55 Wash. L. Rev. 255 (1979). Although such a rule might be logical, a showing of prejudice would nonetheless be required to warrant reversal. West Hill correctly contends that King County Code 20.24.200 requires the Council to enter findings and conclusions contemporaneously with its final action on the examiner's recommendations, as here. Again, however, absent a showing of prejudice, it appears that the Council's subsequent adoption of findings and conclusions cured this error.

Finally, West Hill asks this court to vacate the trial court's order retaxing costs insofar as it permitted Hillis Homes to recover $385.75 for deposition fees. West Hill contends that these depositions were taken to inquire into plaintiffs' standing, which was later dropped; and that because the depositions were not introduced into evidence, they are not properly taxable as costs.

RCW 4.84.090 allows the "necessary" expenses of taking depositions as costs. The expense of taking a deposition that is actually used at trial may be properly taxed as a cost, *Most Worshipful Prince Hall Grand Lodge v. Most Worshipful Universal Grand Lodge,* 62 Wn.2d 28, 381 P.2d 130, *cert. denied,* 375 U.S. 945, 11 L. Ed. 2d 275, 84 S. Ct. 352 (1963), but a deposition taken merely for pretrial discovery purposes may not. *Platts v. Arney,* 46 Wn.2d 122, 278 P.2d 657 (1955). Here, the record indicates that the judge considered the depositions, albeit not in detail, and then correctly ordered a retaxing of costs.

Affirmed.

SWANSON and ANDERSEN, JJ., concur.