[No. 48742-1.   En Banc.   May 19, 1983.]

BUCHSIEB/DANARD, INC., ET AL, *Petitioners*, v. SKAGIT COUNTY, *Respondent*.

*Philip L. Carter* (of *Livengood, Silvernale, Carter & Tjossem*), for petitioners.

*C. Thomas Moser, Prosecuting Attorney*, and *John R.*

*Moffat, Deputy,* for respondent.

DOLLIVER, J.—In 1978 plaintiffs Buchsieb/Danard, Inc., and Cana Development Company (Buchsieb/Danard) purchased approximately 188 acres of undeveloped land located just east of the Skagit Regional (Bayview) Airport on Bayview Ridge in Skagit County. The land was zoned residential and had been designated residential in the Northwest District Comprehensive Plan, adopted by the Skagit County Board of Commissioners (Board). On May 21, 1979, plaintiffs submitted a long plat subdivision application requesting approval of the preliminary plat for subdivision of approximately 98 acres of the Bayview Ridge property. The subdivision, called Bayview Estates, would consist of 326 single family and duplex residential lots. The subdivision would be developed over a 10–year period.

On June 18, 1979 and July 2, 1979, the Skagit County Planning Commission held public hearings on the Buchsieb/Danard proposal. At the public hearings, the Skagit County Planning Department staff recommended, with certain modifications, approval of phase 1 of Bayview Estates, consisting of 118 lots on 37 acres. The planning department staff recommendation was subject to numerous conditions relating to road construction, sewer service commitments, water supply, and drainage. On July 16, 1979, the planning commission voted to recommend approval of phase 1 of the preliminary plat subject to the conditions recommended by the planning department staff.

The Board considered plaintiffs' preliminary plat proposal at a public hearing on August 21, 1979. At the public hearing, opponents of the Bayview development presented a document entitled "Preliminary Draft [of] Skagit Conservation District Long Range Plan". The draft amendment to the comprehensive plan emphasized the need to protect agricultural land from development. On August 28, 1979, the Board unanimously denied the preliminary plat proposal. In resolutions 8140 and 8141, as adopted on September 25, 1979, the Board gave reasons for its denial of

Buchsieb/Danard's preliminary plat application. The Court of Appeals summarized those reasons as follows:

1. Adverse impact on local traffic patterns;
2. Incompatibility with current land use in nearby areas;
3. No specific commitment for handling drainage;
4. Proximity to Bayview Airport, creating potential environmental problems;
5. Removal of secondary agricultural land;
6. Failure to establish need for additional new housing on the scale proposed;
7. No specific certain commitment for sewer lines beyond a 2–year period;
8. Incompatibility with planned growth management in an agricultural area;
9. Inadequacy of county revenues to provide urban services for a community of the proposed size.

*Buchsieb/Danard, Inc. v. Skagit Cy.*, 31 Wn. App. 489, 494, 643 P.2d 460 (1982).

On September 7, 1979, plaintiffs petitioned for a writ of review, or in the alternative, for a writ of mandamus. Buchsieb/Danard claimed the reasons set forth by the Board involved considerations outside the scope of the local subdivision ordinance. Furthermore, plaintiffs asserted the Board improperly considered proposed changes in Skagit County's comprehensive plan when the Board rejected plaintiffs' preliminary plat application.

In a memorandum opinion dated April 2, 1980, the Skagit County Superior Court dismissed Buchsieb/Danard's petition. The Court of Appeals affirmed the decision of the Superior Court. *Buchsieb/Danard, Inc. v. Skagit Cy.*, *supra*. The Court of Appeals ruled that a board of commissioners is empowered by the State Environmental Policy Act of 1971, RCW 43.21C, to inquire into and disapprove preliminary plats on the basis of environmental impact. *Buchsieb/Danard*, 31 Wn. App. at 495. Specifically, the Court of Appeals held that

concern over noise and traffic, police and fire protection, schools, and other problems of planned growth management are properly considered by a board confronted with

plans for a development which, in the words of an opponent at the hearing, would turn a previously unused area into the fourth largest town in Skagit County.

Subsequent to the Court of Appeals decision in *Buchsieb/Danard, Inc. v. Skagit Cy., supra,* we decided *Norco Constr., Inc. v. King Cy.,* 97 Wn.2d 680, 649 P.2d 103 (1982). In *Norco* a developer sought to compel the King County Council to act on its preliminary plat application. The council had postponed action indefinitely pending adoption of a revised comprehensive plan for the area. We held that a county's discretion in ruling on a preliminary plat proposal is limited to consideration of land use restrictions that existed during the statutory time period for the county to approve or disapprove the plat application. *Norco,* 97 Wn.2d at 688. *See* RCW 58.17.140. Accordingly, we affirmed a superior court decision granting the writ of mandamus requested by Norco Construction.

In the present case we granted discretionary review for consideration of the Court of Appeals decision in light of *Norco Constr., Inc. v. King Cy., supra.* RAP 13.4(b)(1). We have examined plaintiffs' claim the Court of Appeals decision in *Buchsieb/Danard* is in conflict with our decision in *Norco* and we find the claim to be without merit. Therefore, we affirm the Court of Appeals decision.

■ In *Norco* we held the King County Council could not "defer beyond the statutory time period approval or disapproval of a preliminary plat because it is not in conformity with proposed changes to the County's comprehensive plan and zoning ordinances." *Norco,* 97 Wn.2d at 682. We ruled that "such proposed changes are not a valid basis for disapproval of a plat application within the time period required by statute." 97 Wn.2d at 682. While we held a developer did "have a right to have a decision on its preliminary plat application made within 90 days after filing its application" (97 Wn.2d at 684), we did not deny local governments the ability to consider the future environmental impact of growth. As noted by the Court of Appeals, both Skagit County Code 14.16.010 and the State Environ-

mental Policy Act of 1971, RCW 43.21C, empowered the Board to consider environmental impacts. *Buchsieb/ Danard, Inc. v. Skagit Cy.*, 31 Wn. App. 489, 494–95, 643 P.2d 460 (1982). The denial by the Board of the preliminary plat, based on future environmental impacts, was within its authority and nothing in *Norco Constr., Inc. v. King Cy., supra,* prevents the exercise of this authority.

We also reject plaintiffs' contention the Board improperly considered the proposed amendment to the County's comprehensive plan during public hearings on Buchsieb/ Danard's preliminary plat proposal. The record before us is devoid of any impropriety; rather it demonstrates the Board had valid and sufficient reasons for its decision. *See State ex rel. Randall v. Snohomish Cy.,* 79 Wn.2d 619, 624, 488 P.2d 511 (1971).

Plaintiffs raise two additional issues in their petition for review. Plaintiffs assert the Board failed to support its denial of Buchsieb/Danard's preliminary plat application with findings of fact and conclusions of law as required by RCW 58.17.100. Plaintiffs also claim the Board failed to act on the preliminary plat application within 90 days of filing of the applicant's final environmental impact statement, as required by RCW 58.17.140.

Plaintiffs failed, however, to raise noncompliance with RCW 58.17.100 and RCW 58.17.140 before the trial court or the Court of Appeals. We continue to adhere to our rule that, except as to issues of manifest error affecting a constitutional right, issues not raised at the trial court or the Court of Appeals cannot be raised for the first time before the Supreme Court. *See, e.g., Wilson v. Steinbach,* 98 Wn.2d 434, 440, 656 P.2d 1030 (1982); *Pappas v. Hershberger,* 85 Wn.2d 152, 153–54, 530 P.2d 642 (1975); *Peoples Nat'l Bank v. Peterson,* 82 Wn.2d 822, 829–30, 514 P.2d 159 (1973). Therefore, we will not consider these issues since they are not properly before us. RAP 2.5(a).

Affirmed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACH-
TENBACH, DORE, DIMMICK, and PEARSON, JJ., concur.