[No. 4785-3-II.   Division Two.   June 20, 1983.]

JOHN WILDNER, ET AL, *Appellants,* v. THE CITY OF WINSLOW, ET AL, *Respondents.*

*William D. Rives,* for appellants.
*Robert W. McKisson, Jr.,* for respondents.

WORSWICK, J.—Wildner, Pine and Haas, land developers, appeal an order of the Kitsap County Superior Court which denied their application for a writ of mandamus, injunctive relief and damages. That order affirmed previous actions of respondent City of Winslow which, in substance, denied approval of a proposed subdivision plat. At issue below were park and density requirements respondent sought to impose on the proposed plat. The park issue was not properly preserved for review and therefore is not before us. We reverse that portion of the order dealing with density requirements. We hold that, in the face of an arguable inconsistency between density requirements of a city zoning ordinance and the general density policy of a city comprehensive plan, the zoning ordinance controls.

In January 1978 appellants sought approval of a preliminary plat for a 6.5–acre subdivision to be divided into 22 lots of 10,000 square feet each. The application was reviewed, in turn, by the planning agency and the hearing examiner; the latter conducted public hearings on the proposal. Both the agency and the examiner recommended City Council approval.

Respondent's zoning ordinance 69–16 was enacted in 1969 and continued in force throughout the time required for Council action on appellants' application. It provided specifically for a minimum lot size of 10,000 square feet in the zone in question. However, in 1975, respondent had enacted a new comprehensive plan pursuant to RCW 35A-.63. That plan contained general policy provisions but did not prescribe, or recommend, specific lot sizes for the area in which appellants' property was located. It did contemplate a general reduction in population density and looked to revisions of the zoning ordinance to effect the reduction. A draft zoning ordinance, under study at the time appellants submitted their application, would have imposed minimum lot sizes of 15,000 square feet on appellants' property. That draft was never adopted.

Appellants' application was considered by the Council against this background. The Council refused to approve

the plat unless lot sizes were increased to 15,000 square feet. Certain park requirements were also imposed.[1] Appellants declined to comply and sought relief from the superior court.

In that court, appellants asserted a general challenge on constitutional grounds to the right of respondent to impose any park requirements. Here, however, they contest only the need for and reasonableness of the amount of land to be set aside for park purposes. This issue was not presented below. We will not review it. RAP 2.5(a).

Appellants contend that, in the face of an arguable inconsistency between the comprehensive plan and the zoning ordinance, the ordinance controls because it continued to be the law and it contained explicit provisions regulating density. Appellants rely on *Norco Constr., Inc. v. King Cy.*, 97 Wn.2d 680, 649 P.2d 103 (1982) and *West Hill Citizens v. King Cy. Coun.*, 29 Wn. App. 168, 627 P.2d 1002 (1981). We agree with this contention.

Although an applicant for plat approval acquires no vested rights because of governmental inaction, such applicant does have the right to a decision on the application within 90 days. RCW 58.17.140. The governmental unit may not defer a decision while it considers changes in land use regulations, and its decision is limited by the land use restrictions that existed at the time the 90 days has run. *Norco Constr.*, 97 Wn.2d at 688. A comprehensive plan is no more than a general policy guide to the later adoption of official controls; it is not given preference over specific zoning regulations. *Barrie v. Kitsap Cy.*, 93 Wn.2d 843, 613 P.2d 1148 (1980). It follows that a specific density regulation, set forth in a valid zoning ordinance, controls over generalized and future-looking policy statements in a comprehensive plan. Division One of this court expressly so held in *West Hill Citizens v. King Cy. Coun., supra,* which,

---

[1]Only park and density requirements were considered by the Council, distinguishing this case from *Buchsieb/Danard, Inc. v. Skagit Cy.*, 99 Wn.2d 577, 663 P.2d 487 (1983).

in all essentials, is squarely in point here. We concur in that decision and adopt its reasoning as our ratio decidendi.

Respondent offers a host of arguments in support of its position. We find them to be without merit and elect to comment on only one. Respondent contends *West Hill Citizens* is distinguishable because it dealt with RCW 36.70, the planning act for counties, whereas city authority arises from RCW 35A.63, the planning statute for code cities. Respondent correctly asserts that substantial differences exist between the two statutes. However, RCW 35A.63.080 provides, in part:

> Comprehensive plan—Effect. From the date of approval by the legislative body the comprehensive plan, its parts and modifications thereof, shall serve as a basic source of reference for future legislative and administrative action: *Provided, That the comprehensive plan shall not be construed as a regulation of property rights or land uses: . . .*

(Italics ours.) No language could be more clear: zoning ordinances are land use regulations and explicitly are not overridden by the comprehensive plan of a code city.

Reversed and remanded for further proceedings consistent with this opinion.

PETRICH, C.J., and REED, J., concur.