[No. 43321-1-I. Division One. July 19, 1999.]

J.L. STEELE, *Respondent*, v. GARY LUNDGREN, ET AL., *Appellants*.

*Tamsen L. Leachman*, for appellants.
*Richard D. Reed*, for respondent.

PER CURIAM — A jury awarded J.L. Steele $43,500 in damages after finding in her favor on her claim against Gary Lundgren for hostile environment sexual harassment under RCW 49.60.030. On appeal, Lundgren argues that the trial court abused its discretion when it awarded Steele more than $250,000 in attorney fees and costs. We affirm.

Steele filed a complaint against Lundgren in 1993, seeking redress for sexual harassment, discrimination, and retaliation, and for negligent and intentional infliction of emotional distress. After responding and engaging in vigor-

ous discovery, Lundgren sought to compel arbitration. The trial court ruled that Lundgren had waived the right to arbitration, and Lundgren appealed. This court affirmed.

After the case was remanded, Steele voluntarily dismissed her claims for negligent and intentional infliction of emotional distress. Lundgren then moved for summary judgment, asking the court to dismiss Steele's claims of retaliation, sex discrimination, quid pro quo sexual harassment, and hostile environment sexual harassment. The trial court granted the motion as to the claims of retaliation, sex discrimination, and quid pro quo sexual harassment, but denied the motion with respect to the claim for hostile environment sexual harassment.

In June 1998, the case was tried before a jury that found in favor of Steele and awarded her $43,500 in damages. A judgment was entered on June 12, 1998.

Seven weeks later, Steele filed a petition for her attorney fees and costs. The trial court denied Lundgren's motion to strike the petition based on the argument that it was untimely. The court then awarded Steele $257,751.46 in attorney fees and costs. This appeal followed.[1]

## The Petition for Fees Was Not Barred by RCW 4.84.090 As Untimely

█ Lundgren first argues that the trial court erred when it awarded Steele her attorney fees because her request for them was untimely. He contends that because Steele did

---

[1] In his notice of appeal, Lundgren sought review of the order granting the petition for attorney fees and costs, the order directing the clerk to disburse funds deposited by Lundgren into the registry of the court, and an order denying his motion to strike the order for examination in supplemental proceedings. But none of Lundgren's assignments of error relate to the motion to strike the order for examination in supplemental proceedings. Rather, his assignments of error relate to the denial of his motion to strike Steele's petition for attorney fees and costs. The order denying the motion related to supplemental proceedings is mentioned only in a footnote about the unreasonable steps Lundgren claims Steele took to collect the judgment. We, therefore, do not consider whether entry of that order was erroneous. *See* RAP 10.3(3) and (5).

not request attorney fees under RCW 49.60.030(2)[2] within 10 days after the judgment, RCW 4.84.090 prohibits her from recovering them. We disagree.

RCW 4.84.010 explains that compensation for attorneys in civil actions is to be left to the agreement of the parties, except that the prevailing party may be indemnified for certain expenses. Those expenses, known as "costs," include, among other things, filing fees, fees for the service of process, notary fees, and statutory attorney fees.[3] "Statutory attorney fees" are those set forth in the schedule of attorneys' fees found in RCW 4.84.080, which provides:

> When allowed to either party, costs to be called the attorney fee, shall be as follows:
>
> (1) In all actions where judgment is rendered, one hundred twenty-five dollars.
>
> (2) In all actions where judgment is rendered in the supreme court or the court of appeals, after argument, one hundred twenty-five dollars.

RCW 4.84.090 provides that, in addition to the allowance for costs, the prevailing party shall be allowed to recover "for all necessary disbursements," but the request for those allowances must be served within 10 days after the judgment:

> The prevailing party, in addition to allowance for costs, as provided in RCW 4.84.080, shall also be allowed for all necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the necessary expenses of taking depositions, by commission or otherwise, and the compensation

---

[2]RCW 49.60.030(2) is part of Washington's law against discrimination. It states:

"Any person deeming himself or herself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, or to recover the actual damages sustained by the person, or both, together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy authorized by this chapter or the United States Civil Rights Act of 1964 as amended, or the Federal Fair Housing Amendments Act of 1988 (42 U.S.C. Sec. 3601 et seq.)."

[3]RCW 4.84.010(6).

of referees. . . . The disbursements shall be stated in detail and verified by affidavit, and shall be served on the opposite party or his attorney, and filed with the clerk of the court, within ten days after the judgment[.]

Attorney fees under RCW 49.60.030(2) do not constitute costs or "necessary disbursements" under RCW 4.84.090.[4] The 10-day limit set forth in RCW 4.84.090 thus does not apply to a request for attorney fees under RCW 49.60-.030(2). Therefore, the trial court did not err when it awarded attorney fees Steele requested more than 10 days after the judgment was entered.

## This Court Did Not Previously Deny Fees

After Steele prevailed on appeal before this court the first time, she filed a cost bill, which included a request for attorney fees of over $36,000, pursuant to RCW 49.60-.030(2). Lundgren objected because Steele had not requested the fees in her brief and because her underlying discrimination claim was not before the court; the court had decided only the issue of arbitrability. Steele then filed an amended cost bill requesting only statutory attorney fees. The clerk/staff attorney of this court entered a ruling stating that Lundgren's *"objection* to the original cost bill was well taken; however, respondent [Steele] corrected the error in the cost bill when filing the amended cost bill."[5] Thus, the clerk awarded Steele only statutory attorney fees.

After the trial, the court awarded Steele the attorney fees related to the previous appeal. Lundgren argues that the court should not have awarded those fees because he claims this court previously ruled that Steele was not entitled to them. But Steele withdrew her request for those fees before the clerk/staff attorney entered her ruling.

---

[4]*See Sims v. KIRO, Inc.*, 20 Wn. App. 229, 238, 580 P.2d 642 (1978) ("'costs' has been interpreted as not including attorney's fees").

[5](Emphasis added.)

Therefore, although the clerk/staff attorney noted that Lundgren's "objection" was well taken, this court did not decide whether Steele was entitled to the fees.

RCW 49.60.030(2) provides that a person who prevails in a civil rights action may recover actual damages, "together with the cost of suit including reasonable attorneys' fees." Because this court did not previously rule on the fee question, and Lundgren does not disagree that the fees are properly considered under RCW 49.60.030(2), the trial court did not err when it awarded them.

## Lundgren Has Not Shown That the Trial Court Abused Its Discretion

When the court awarded Steele her attorney fees and cost, it made the following findings and conclusions:

The rates charged by Plaintiff's firm are reasonable;

The history of this case shows that it presented complex issues;

Plaintiff's verdict is a sufficient degree of success to justify a full award of fees;

In light of the time and effort required to achieve the verdict, no reduction is warranted;

Plaintiff's costs incurred in this case are reasonable;

To reduce costs would have the effect of nullifying the jury's award and the Washington Law Against Discrimination allows for broader award of expenses than simply statutory costs;

The amount of time and expenses incurred in preparing the petition for fees is reasonable;

A full award of fees and costs is appropriate in this case;

Because the court has awarded full fees and costs, and considering the rule of proportionality, Plaintiff's request for a multiplier is denied.

Lundgren challenges several aspects of the award, but he has not shown that the trial court erred.

■ Trial courts must independently determine what is a reasonable fee.[6] To make that determination, the court begins by calculating a lodestar figure.[7] The lodestar is grounded in the market value of the lawyer's services.[8] It is determined by multiplying the hours reasonably expended in the litigation by each lawyer's reasonable hourly rate of compensation.[9] The novelty and complexity of the issues are factors to consider in determining the reasonableness of the hours expended in the litigation.[10] Another factor that may be relevant to consider is the amount of time "spent on unsuccessful claims, duplicated effort, or otherwise unproductive time."[11] The lodestar also may be adjusted, if appropriate, to reflect the contingent nature and/or quality of the representation.[12]

An award of fees is reviewed for an abuse of discretion.[13] Generally, a trial court's award of fees will not be reversed absent a manifest abuse of discretion.[14] A case, however, may be remanded if the record is not sufficient to review a fee award.[15]

## Independent Judgment

Lundgren argues that the trial court's award of the full amount of fees requested by Steele's counsel shows that

---

[6]*Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632 (1998); *Scott Fetzer Co. v. Weeks*, 122 Wn.2d 141, 151, 859 P.2d 1210 (1993).

[7]*Mahler*, 135 Wn.2d at 434; *Bowers v. Transamerica Title Ins. Co.*, 100 Wn.2d 581, 597, 675 P.2d 193 (1983).

[8]*Scott Fetzer*, 122 Wn.2d at 150.

[9]*Mahler*, 135 Wn.2d at 434; *Bowers*, 100 Wn.2d at 597.

[10]*Scott Fetzer*, 122 Wn.2d at 150.

[11]*Absher Constr. Co. v. Kent Sch. Dist. No. 415*, 79 Wn. App. 841, 847, 917 P.2d 1086 (1995).

[12]*Martinez v. City of Tacoma*, 81 Wn. App. 228, 239, 914 P.2d 86, *review denied*, 130 Wn.2d 1010 (1996).

[13]*Mahler*, 135 Wn.2d at 435; *Scott Fetzer*, 122 Wn.2d at 147.

[14]*Scott Fetzer*, 122 Wn.2d at 147.

[15]*Mahler*, 135 Wn.2d at 435.

the court failed to exercise independent judgment in determining that the fees were reasonable. But the court did not simply adopt counsel's recommendation and award the full amount of fees Steele requested. Steele had asked the court to increase the fees as determined using the lodestar method by a multiplier of 1.5. The court denied that request. A further indication that the court exercised its own independent judgment is the fact that Lundgren made essentially the same challenges to the fee request below as he makes to this court, yet the court adopted Steele's calculation of the lodestar amount. The judge reviewed the billings himself, and, considering the procedural history of the case, he found the amount of time spent on it was reasonable. He determined that none of Lundgren's evidence contradicted the showing that Steele's lawyer's rates were reasonable. The court found no evidence of double-billing. Thus, the record reflects that the court properly took an active role in assessing the reasonableness of the fees requested.[16]

### Fees For Preparing The Fee Petition

Lundgren contends that the trial court abused its discretion when it awarded Steele $4,400 in fees related to preparation of her petition for fees and costs. Lundgren concedes that a court may properly award fees for time expended to prepare a fee petition, but he claims there are no findings and conclusions to explain the court's reasons for awarding the fees, so review is impossible, and remand is required.

We agree that the trial court's findings and conclusions could have been more thorough. In regard to its award of fees related to the fee petition, the court stated only that "[t]he amount of time and expenses incurred in preparing the petition for fees is reasonable." But again, given that Lundgren challenged the award of fees related to the peti-

---

[16]*See Mahler,* 135 Wn.2d at 434 (court must take an active role in assessing the reasonableness of fee awards).

tion below, yet the court found the amount Steele requested to be reasonable, it is clear that the court was satisfied with the evidence Steele presented in support of her petition.

Lundgren does not argue on appeal that the amount was unreasonable. Moreover, the gist of his challenge below to the reasonableness of the amount of the fees requested for preparation of the fee petition was merely a general assertion that the request was "excessive and unsupported." Steele's lawyer, Judith Lonnquist, spent 18.5 hours preparing the fee petition, which was more than 20 pages long and was supported by six years' worth of billing records and declarations from Steele's attorneys and from two other labor and employment law experts. Lundgren has failed to show that awarding Steele the entire amount of fees she requested for preparation of the fee petition was an abuse of discretion.

## Unsuccessful Claims

■ Lundgren claims that the trial court abused its discretion when it failed to reduce the amount of her award for time spent on Steele's unsuccessful claims. We disagree.

Lundgren relies upon the United States Supreme Court's decision in *Hensley v. Eckerhart*[17] in support of his argument that the trial court erred. Division Two's analysis of *Hensley* in *Martinez v. City of Tacoma*[18] is instructive:

> The City points to the statement of the United States Supreme Court in *Hensley v. Eckerhart* that "the extent of a plaintiff's success is a crucial factor that the district courts should consider carefully in determining the amount of fees to be awarded." The City ignores the factual context of *Hensley* and the balance of the opinion. Plaintiffs brought the action on behalf of persons involuntarily confined at a state prison for the criminally insane. Plaintiffs voluntarily dismissed claims

---

[17]*Hensley*, 461 U.S. 424, 438 n.14, 103 S. Ct. 1933, 1942 n.14, 76 L. Ed. 2d 40 (1983).

[18]*Martinez*, 81 Wn. App. 228, 242-43, 914 P.2d 86, *review denied*, 130 Wn.2d 1010 (1996) (citations omitted).

relating to damages and procedural due process, and prevailed at trial on claims relating to the constitutionality of treatment and conditions. The district court awarded fees for all hours spent on all claims, discounted only for one attorney's inexperience and failure to keep contemporaneous records. The Supreme Court held that where a plaintiff brought "distinctly different claims for relief that are based on different facts and legal theories," counsel's work on unsuccessful claims cannot be deemed to have been expended on successful claims. But where the plaintiff's claims involve a common core of facts and related legal theories, "a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." Finally, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."

All of Steele's claims involved a common core of facts and related legal theories. Steele won substantial relief. The trial court recognized that Steele's claims were overlapping and that, despite the elimination of some of the claims on summary judgment, the core of her claims went to the jury. The court did not abuse its discretion in this respect.[19]

## Degree of Success

Lundgren also argues that the trial court abused its discretion when it failed to reduce the attorney fee award to reflect the limited degree of success Steele achieved. Lundgren claims "under no scenario" can a difference between the damage award of $43,500 and the fee award of more than $240,000 be justified.

---

[19]Lundgren relies on a case from Division Two of this court, *Brand v. Department of Labor & Indus.*, 91 Wn. App. 280, 959 P.2d 133 (1998), *review granted*, 137 Wn.2d 1019 (1999), which he claims requires a court to identify and eliminate or reduce hours spent on unsuccessful claims, even if they involve a common core of facts and legal theories related to those on which the plaintiff prevailed. Even if that is a correct characterization of the holding in *Brand*, however, it was not a discrimination case, as were *Martinez* and *Hensley* and, therefore, is not persuasive.

■ However, although it may be appropriate for a court to consider the amount of the judgment in comparison to the fee requested, in cases involving the law against discrimination, heavy reliance on the degree of success may constitute an abuse of discretion. As Division Two of this court explained in *Martinez*,

> discrimination is not just a private injury which may be compensated by money damages; the Legislature has declared that discrimination is "a matter of state concern, that . . . threatens not only the rights and proper privileges of its inhabitants but menaces the institutions and foundation of a free democratic state." Money damages are an inadequate yardstick for measuring the results of discrimination.[20]

In another part of the *Martinez* opinion, the court quoted a statement from the United States Supreme Court's decision in *City of Riverside v. Rivera*:[21] "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief."[22]

In the *Rivera* case, the Supreme Court upheld an attorney fees award of more than $240,000 in a case in which the plaintiffs were awarded only $33,350 in damages. The Court explained that requiring the fee award to be proportional to the damages awarded in a civil rights case would undermine Congress' purpose for enacting 42 U.S.C. § 1988:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting § 1988. Congress recognized that private-sector fee arrangements were inadequate to ensure sufficiently vigorous enforcement of civil rights. In order to ensure that lawyers

---

[20]*Martinez*, 81 Wn. App. at 241-42 (quoting RCW 49.60.010).

[21]477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986).

[22]*Martinez*, 81 Wn. App. at 236 (quoting *Rivera*, 477 U.S. at 575).

would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case.[23]

Moreover, as the Supreme Court said in *Mahler v. Szucs*, "the amount of the recovery, while a relevant consideration in determining the reasonableness of the fee award, is not a conclusive factor."[24]

The trial court concluded that the verdict for Steele constituted "a sufficient degree of success to justify a full award of fees." Lundgren has not cited any authority in support of his contention that the disproportionality between the fee award and the amount of damages constituted an abuse of discretion. His challenge to the award based on the disparity of those amounts fails.

## Hourly Rates

█ Lundgren argues that the trial court abused its discretion in awarding fees based upon the rate Steele's attorneys billed their time in 1998, even though the litigation began in 1992. He claims Steele was entitled to recover only the amount her lawyers actually billed, rather than an amount based upon a reasonable rate multiplied by the number of hours expended. But Lundgren does not cite any authority in support of that contention, and there is authority to the contrary.

As the court explained in *Fisher Properties, Inc. v. Arden-Mayfair, Inc.*,[25] an adjustment to historic rates is appropriate in civil rights and other public interest litigation "to compensate the attorney for delay in payment or the risk of losing and not getting paid at all." Allowing such an adjustment encourages attorneys to take potentially risky cases with clients who may not be able to afford to pay an

[23]*Rivera*, 477 U.S. at 578 (footnote omitted).

[24]*Mahler*, 135 Wn.2d 398, 433, 957 P.2d 632 (1998).

[25]*Fisher*, 115 Wn.2d 364, 375-78, 798 P.2d 799 (1990); *see also Mahler*, 135 Wn.2d at 434.

attorney and allows public interest lawyers to benefit as would attorneys in private practice.[26] Calculating the fee award based on counsel's current, rather than historical, rate was not error.

### Unjustified, Unnecessary, and Duplicative Costs

Lundgren contends that the trial court abused its discretion by refusing to reduce Steele's award for costs to reflect the "unjustified, unnecessary, and duplicative" amounts. For example, he complains that the court awarded $107.77 for "miscellaneous." He also contends that the court should not have awarded costs for depositions that were not used at trial.

But the determination of a fee award should not be an unduly burdensome proceeding for the court or the parties.[27] As long as the award is made after considering the relevant facts and the reasons given for the award are sufficient for review, a detailed analysis of each expense claimed is not required.[28]

RCW 49.60.030(2) provides that persons who prevail in civil rights actions may recover damages, "together with the cost of suit including reasonable attorneys' fees or any other appropriate remedy."[29] Although costs for depositions not used at trial may not be awarded under RCW 4.84.090,[30] the trial court recognized that costs are more liberally awarded under RCW 49.60.030(2).[31] The court's decision in this case reflects that the judge considered the relevant facts and determined that the costs requested were reason-

---

[26]*Fisher*, 115 Wn.2d at 376-77.

[27]*Absher*, 79 Wn. App. at 848.

[28]*See Absher*, 79 Wn. App. at 848.

[29]*See also Martinez*, 81 Wn. App. at 235.

[30]*West Hill Citizens for Controlled Dev. Density v. King County Council*, 29 Wn. App. 168, 174, 627 P.2d 1002 (1981).

[31]*See Blair v. Washington State Univ.*, 108 Wn.2d 558, 573, 740 P.2d 1379 (1987) (to further the policies underlying the civil rights statutes, the Supreme Court adopted the federal rule allowing more liberal recovery of costs by the prevailing party in civil rights litigation).

able. Lundgren has not shown that the trial court abused its discretion in awarding the amount of costs Steele requested.

## Court Did Not Err in Awarding Postjudgment Interest

The judgment awarding Steele her damages was entered on June 12, 1998. On June 22, 1998, Lundgren paid the amount of the judgment into the registry of the court, with an instruction that the funds should be held until further order of the court. Steele was granted writs of garnishment and sought supplemental proceedings. In response to that request, Lundgren asserted that the funds had been deposited into the registry of the court and that all Steele needed to do was get an order of disbursement. Steele then moved for such an order, but asked that it be considered partial satisfaction of the judgment. She contended she was entitled to interest from the date of the judgment to the present, or at least from the date of the judgment until the money was deposited into the registry of the court. The trial court granted interest for the longer period.

Lundgren argues on appeal that the trial court erred in awarding interest on the judgment after the funds were deposited into the registry of the court, claiming that Steele had a duty to take some action to limit her damages. But the record indicates there was some confusion whether the funds were available and would be released unconditionally. Under these circumstances, we cannot say that the trial court abused its discretion in awarding the postjudgment interest.

## Attorney Fees on Appeal

Steele requests her attorney fees on appeal under RAP 18.1 and RCW 49.60.030(2). RAP 18.1 provides for an award of attorney fees on appeal when a statute authorizes such an award. Steele has prevailed on appeal and is entitled to fees. A commissioner of this court shall determine the amount of reasonable fees upon Steele's compliance with RAP 18.1.

The decision of the trial court is affirmed. Steele is directed to comply with RAP 18.1.

Review denied at 139 Wn.2d 1026 (2000).