# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

EVERETT HANGAR, LLC, a
Washington limited liability company,

          Respondent,

v.

KILO 6 OWNERS ASSOCIATION,
a Washington nonprofit corporation;
KILO SIX, LLC, a Washington limited
liability company; HISTORIC
HANGARS, LLC, a Washington
limited liability company; HISTORIC
FLIGHT FOUNDATION, a Washington
nonprofit corporation; and JOHN
SESSIONS, an individual,

          Appellants.

No. 76949-9-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: January 28, 2019

LEACH, J. — Kilo 6 Owners Association, Kilo Six LLC, Historic Hangars LLC, Historic Flight Foundation, and John Sessions (Kilo 6) appeal the trial court's attorney fees award to Everett Hangar LLC. Kilo 6 claims that Everett Hangar was not the prevailing party below. Alternatively, Kilo 6 asserts that the attorney fees award is unreasonable.

First, in Kilo 6's previous appeal related to this case, this court held that the trial court properly awarded Everett Hangar attorney fees. That Everett Hangar is the prevailing party became the law of the case, and we decline to reconsider our decision.

Second, substantial evidence supports the trial court's findings of fact which, in turn, support its conclusions of law and its $863,669.57 attorney fees award to Everett Hangar. We affirm.

BACKGROUND

This lawsuit involves neighboring lots 11, 12, and 13 at the Snohomish County Airport (Paine Field). The lessees of lots 11 and 12 own the hangars constructed on them. No hanger has been built on Lot 13. Historic Hangars and Kilo Six, entities owned by John Sessions, lease lots 11 and 13, respectively. Everett Hangar leases lot 12. The Historic Flight Foundation (Foundation), also owned by John Sessions, subleases lot 11 from Historic Hangars. To facilitate separate ownership and operation of the three lots, Snohomish County agreed to execute covenants, conditions, and restrictions (the CC&Rs). Sessions is the president of the Kilo 6 Owners Association (the Association), which is created by the CC&Rs and enforces them.

Everett Hangar sued Kilo 6, claiming violations of the easement provision and safety and security provision of the CC&Rs. Everett Hangar sought injunctive relief to protect its easement rights to the taxiway providing access from its hangar to the airport runway and to address safety concerns arising from activities on lots 11 and 13. After a bench trial, the trial court granted Everett Hangar an injunction, finding that Kilo 6 violated the CC&Rs based on both grounds that Everett Hangar raised. The trial court awarded Everett Hangar $819,053.57 in attorney fees.

Kilo 6 appealed the trial court's injunction. In an unpublished opinion, this court reversed a portion of the trial court's injunctive relief and remanded to the trial court to

enter additional findings of fact about its attorney fees award.[1] Kilo 6 filed a motion for reconsideration, claiming that Everett Hangar should not receive any attorney fees. It also asserted that the Association, Kilo Six, and Sessions should receive their attorney fees because they prevailed on all claims asserted against them. This court denied Kilo 6's motion  Kilo 6 filed a petition for review to our Supreme Court specifically seeking review of our fee decision. Our Supreme Court denied review.[2]

On remand, the trial court entered an amended permanent injunction and supplemental findings of fact and conclusions of law. It awarded $863,669.57 in attorney fees to Everett Hangar. Kilo 6 appeals this award.

## STANDARD OF REVIEW

An appellate court performs a two-part inquiry when reviewing attorney fees awards.[3] First, the court reviews de novo whether the prevailing party was entitled to attorney fees.[4] Second, the court uses an abuse of discretion standard to review the reasonableness of the amount of fees awarded.[5] "A trial judge is given broad discretion in determining the reasonableness of an award, and in order to reverse that award, it must be shown that the trial court manifestly abused its discretion."[6] This court will

---

[1] Everett Hangar, LLC v. Kilo 6 Owners Ass'n, No. 73504-7-I, slip op. at 29-31 (Wash. Ct. App. Aug. 8, 2016) (unpublished), http://www.courts.wa gov/opinions/pdf/735047.pdf.

[2] Everett Hangar, LLC v. Kilo 6 Owners Ass'n, 187 Wn.2d 1007, 386 P.3d 1091 (2017).

[3] Ethridge v. Hwang, 105 Wn. App. 447, 459, 20 P.3d 958 (2001).

[4] Ethridge, 105 Wn. App. at 459-60.

[5] Ethridge, 105 Wn. App. at 459-60.

[6] Ethridge, 105 Wn. App. at 460.

reverse an attorney fees award only where the trial court exercised its discretion based on untenable grounds or reasons.[7]

## ANALYSIS

### Everett Hangar Was the Prevailing Party and Was Entitled to Attorney Fees

First, Kilo 6 contends that in its previous appeal, this court did not hold that Everett Hangar was the substantially prevailing party and establish the law of the case that the trial court was required to follow. We disagree.

The law of the case doctrine "ordinarily precludes redeciding the same legal issues in a subsequent appeal" of the same claim.[8] A reviewing court will not consider the same legal issues if there is "no substantial change in the evidence at a second determination of the cause."[9] But a court should reconsider an identical legal issue if the prior appeal is clearly erroneous and application of the law of the case doctrine would result in manifest injustice.[10]

In Kilo 6's first appeal, it challenged the trial court's fee award based on three grounds: (1) neither party should have been awarded fees because neither party prevailed, (2) the trial court did not use the proportionality rule to calculate fees, and (3) the trial court's award was unreasonable.[11] This court explained in its unpublished opinion, "Everett Hangar brought claims I through IV of its complaint under the CC&Rs

---

[7] Fiore v PPG Indus., Inc., 169 Wn. App. 325, 351, 279 P.3d 972 (2012).
[8] Folsom v. County of Spokane, 111 Wn.2d 256, 263, 759 P.2d 1196 (1988).
[9] Folsom, 111 Wn.2d at 263 (quoting Adamson v. Traylor, 66 Wn.2d 338, 339, 402 P.2d 499 (1965)).
[10] Folsom, 111 Wn.2d at 264.
[11] Everett Hangar, No. 73504-7-I, slip op. at 9.

or the Association bylaws. The CC&R fee provision applies only to these claims. Here, the trial court awarded Everett Hangar relief on each of these claims and thus properly awarded Everett Hangar attorney fees."[12] In Kilo 6's unsuccessful motion for reconsideration, it claimed that this court erred in affirming the trial court's attorney fees award and remanding only for entry of additional findings of fact about the award. It asserted that because this court reversed a portion of the trial court's injunctive relief, the Association, Kilo Six, and Sessions prevailed on appeal and were entitled to attorney fees, while Historic Hangars, the Foundation, and Everett Hangar were not prevailing parties, so they were not entitled to fees.

On remand, Kilo 6 again challenged the trial court's attorney fees award based on their claim that Everett Hangar was not the prevailing party. The trial court rejected this claim, holding that the prevailing party issue had already been decided: "On remand, [Kilo 6] attempt[s] to re-argue their position that Plaintiff is not a prevailing party. This argument was previously rejected by this court, and that decision was upheld by the Court of Appeals. Accordingly the court will not reconsider the argument here."

Kilo 6 relies on Deep Water Brewing, LLC v Fairway Resources, Ltd.,[13] to support that when an appellate court has remanded an award of attorney fees for entry of findings and conclusions to support the award, the trial court retains discretion in awarding, denying, and calculating attorney fees. But, there, Division Three of this court

---

[12] Everett Hangar, No. 73504-7-I, slip op. at 28.
[13] 170 Wn. App. 1, 7-10, 282 P.3d 146 (2012).

stated only that on remand for entry of findings and conclusions to support an attorney fees award, the trial court retains the discretion to determine the amount of attorney fees.

> In light of the fact that trial courts have discretion to set the amount of attorney fees, we conclude from Fisher [Properties, Inc v Arden-Mayfair, Inc., 115 Wn 2d 364, 798 P.2d 799 (1990)] and its progeny that the trial courts retain that discretion on remand unless expressly limited by the appellate courts or the exercise of discretion would be inconsistent with the ruling on appeal.[14]

Division Three did not hold that the trial court had discretion to reconsider the prevailing party's legal right to recover fees. Here, consistent with Deep Water Brewing, the trial court had discretion to change the amount of its original attorney fees award on remand. We conclude that the trial court did not err in applying the law of the case that Everett Hangar is the prevailing party.

Alternatively, Kilo 6 claims that this court's earlier opinion is clearly erroneous because it conflicts with four cases. We disagree.

First, Kilo 6 relies on Cornish College of the Arts v. 1000 Virginia Ltd Partnership[15] to establish that in multiparty litigation, a court must determine who is a prevailing party on a party-by-party basis. "[A] prevailing party is one who receives an affirmative judgment in its favor."[16] In Cornish College, Cornish sued two defendants for specific performance of an option to purchase a building it leased and damages for wrongful eviction.[17] It brought ownership and occupancy claims against both

---

[14] Deep Water Brewing, 170 Wn. App. at 8 (footnote omitted).
[15] 158 Wn App. 203, 242 P.3d 1 (2010).
[16] Cornish Coll, 158 Wn. App. at 231.
[17] Cornish Coll, 158 Wn. App. at 210-15

defendants and they made three counterclaims.[18] Cornish prevailed on all of its claims except its ownership claim against one of the defendants and successfully defended against the defendants' counterclaims.[19] Based on the attorney fees provision in the parties' agreement, the trial court awarded it attorney fees.[20]

On appeal, this court applied the proportionality approach to attorney fees.[21] This approach requires that a court award each party fees for the claims on which it succeeds or offsets fees for the claims that a party successfully defends against.[22] This court explained that a court applies the proportionality approach in a case like Cornish College involving a contract dispute where "'several distinct and severable claims'" are at issue.[23] It awarded Cornish fees incurred for its successful ownership and occupancy claims against one of the defendants and for successfully defending against the defendants' counterclaims.[24] It also awarded the other defendant its fees for successfully defending against Cornish's ownership claim.[25]

Here, Kilo 6 asserts that Cornish College required that the trial court engage in a party-by-party analysis. On remand after appeal, the trial court issued an amended permanent injunction enjoining only Historic Hangars and the Foundation from specific activities. Kilo 6 maintains that because the Association, Kilo Six, and Sessions

---

[18] Cornish Coll., 158 Wn. App. at 214, 232.
[19] Cornish Coll., 158 Wn. App. at 233-34.
[20] Cornish Coll., 158 Wn. App. at 212-15.
[21] Cornish Coll., 158 Wn. App. at 230-31.
[22] Cornish Coll., 158 Wn App. at 232.
[23] Cornish Coll., 158 Wn. App. at 232 (quoting Marassi v. Lau, 71 Wn. App. 912, 917, 859 P.2d 605 (1993)).
[24] Cornish Coll., 158 Wn. App. at 233-34.
[25] Cornish Coll., 158 Wn. App. at 233-34.

prevailed on all claims, these defendants are the prevailing parties as a matter of law. "However, where 'the plaintiff's claims for relief . . . involve a common core of facts or [are] based on related legal theories,' a lawsuit cannot be 'viewed as a series of discrete claims' and, thus, the claims should not be segregated in determining an award of fees."[26] A trial court need not segregate attorney fees if it determines that "the claims are so related that no reasonable segregation can be made."[27]

Although this court reversed select injunctive provisions so that the remaining three defendants were not subject to the injunction, the proportionality approach is not appropriate because the claims are not severable; Everett Hangar based its claims for injunctive relief on a common core of facts and the same legal theory related to violations of the easement and safety and security provisions of the CC&Rs arising from activities on lots 11 and 13. This court's previous decision does not conflict with Cornish College.

Next, Kilo 6 contends that this court's decision conflicts with McGary v. Westlake Investors[28] and Seashore Villa Ass'n v. Hugqland Family Ltd. Partnership.[29] Kilo 6 cites these cases for the proposition that when both parties prevail on major issues after appeal, neither substantially prevails nor is entitled to attorney fees. It claims that, here, Historic Hangars and the Foundation prevailed on "most issues," including claims for

---

[26] Fiore, 169 Wn. App. at 352 (alteration in original) (internal quotation marks omitted) (quoting Brand v Dep't of Labor & Indus., 139 Wn.2d 659, 672-73, 989 P.2d 1111 (1999)).

[27] Ewing v. Glogowski, 198 Wn. App. 515, 523, 394 P.3d 418 (2017).

[28] 99 Wn.2d 280, 288, 661 P.2d 971 (1983).

[29] 163 Wn. App. 531, 534, 547, 260 P.3d 906 (2011).

damages and a portion of Everett Hangar's requested injunctive relief. It contends that consistent with McGary and Seashore Villa, because Historic Hangars, the Foundation, and Everett Hangar each prevailed on major issues, they must bear their own fees. But Everett Hangar withdrew its claim for money damages, which the trial court then dismissed. Kilo 6 did not successfully defend against those claims. And although this court reversed a portion of the injunctive relief the trial court granted, Everett Hangar received some of the injunctive relief that it requested. Because the claims are not severable, Everett Hangar remains the prevailing party. This court's previous opinion does not conflict with either McGary or Seashore Villa.

Last, Kilo 6 relies on Singleton v Frost[30] to support the proposition that in an action involving a contract with a prevailing party fee provision, a court must award attorney fees to a party who prevails. As discussed above, the various claims are not distinct and severable, and Everett Hangar received some of its requested injunctive relief. It thus remained the substantially prevailing party and, consistent with Singleton, is entitled to attorney fees.

We conclude that this court's previous opinion is not clearly erroneous

### The Trial Court's Attorney Fees Award Is Reasonable

Kilo 6 next claims that the trial court's attorney fees award is unreasonable because the trial court did not apply the proportionality approach and did not exclude time spent on unsuccessful claims, duplicated effort, and unproductive time. We disagree.

---

[30] 108 Wn 2d 723, 729, 742 P.2d 1224 (1987).

In awarding attorney fees, the trial court must discount the hours an attorney has recorded for work in a case for hours spent on "'unsuccessful claims, duplicated effort, or otherwise unproductive time.'"[31] The trial court must consider the relevant facts and provide reasons for the award sufficient for review, but "a detailed analysis of each expense claimed is not required."[32] It need not "deduct hours here and there just to prove to the appellate court that it has taken an active role in assessing the reasonableness of a fee request."[33] "'[I]t is the trial judge who watches a case unfold and who is in the best position to determine the proper lodestar amount.'"[34]

First, Kilo 6 claims that the trial court abused its discretion by not applying the proportionality approach because each of the five defendants successfully defended against some, or all, of Everett Hangar's claims. But, as discussed above, the proportionality approach applies when the claims at issue are distinct and severable, which is not the case here. And whether the proportionality approach applies relates to which parties prevailed, not to the reasonableness of the fee award that Kilo 6 challenges.

Second, Kilo 6 claims that the trial court erred in not excluding from its attorney fees calculation the time that Everett Hangar's counsel spent on unsuccessful claims, duplicated effort, and unproductive time  Kilo 6 objects to a number of Everett Hangar's

---

[31] Miller v. Kenny, 180 Wn. App. 772, 823, 325 P.3d 278 (2014) (quoting Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581, 597, 675 P.2d 193 (1983)).

[32] Steele v. Lundgren, 96 Wn. App. 773, 786, 982 P.2d 619 (1999).

[33] Miller, 180 Wn. App. at 823.

[34] Fiore, 169 Wn. App. at 351 (alteration in original) (quoting Morgan v. Kingen, 141 Wn. App. 143, 163, 169 P.3d 487 (2007)).

requested fees, including 71.8 hours spent drafting the complaint, hours spent on unsuccessful claims, hours spent communicating with individuals who were neither parties nor witnesses, time spent researching and preparing motions that were never filed, and hours spent on administrative tasks.

Consistent with Everett Hangar's argument, the record shows that the trial court considered Kilo 6's challenges to Everett Hangar's requested fees, including its claims of duplicative or unproductive time. The trial court stated in its detailed 10-page findings of fact and conclusions of law that it "closely analyzed the invoices and accompanying spreadsheet submitted by counsel for Everett Hangar for fees incurred through and after trial, determining whether the entries were too general or related to time spent on issues not relevant to this case." The trial court also stated that Everett Hangar's counsel properly excluded time dedicated to Everett Hangar's unsuccessful fiduciary duty claim from its attorney fees calculation. It awarded $30,000 less than Everett Hangar's counsel requested for their posttrial work and explained that both the number of hours Everett Hangar's counsel spent on trial work and counsel's rates were reasonable. In dismissing Kilo 6's objections to Everett Hangar's fees calculations, the trial court concluded that Everett Hangar requested a fair approximation of those hours its counsel reasonably expended on its successful claims and avoided duplicated effort in its staffing. Substantial evidence supports the trial court's thorough findings and conclusions.

## Attorney Fees on Appeal

Both Everett Hangar and Kilo 6 request attorney fees on appeal under the CC&Rs and RAP 18 1. RAP 18.1 allows a reviewing court to award a party reasonable attorney fees if applicable law grants a party the right to recover them. Here, the CC&Rs state, "In any action to enforce the provisions of this Declaration or Association rules, the prevailing party shall be entitled to recover all costs, including, without limitation, reasonable attorneys' fees and court costs, reasonably incurred in such action." Because the injunction arose from violations of the CC&Rs, we award Everett Hanger attorney fees on appeal as the substantially prevailing party, subject to its compliance with RAP 18.1(d).

## CONCLUSION

It is the law of the case that Everett Hangar is the prevailing party below. And substantial evidence supports the trial court's attorney fees award of $863,669.57. We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._

_Appelwick, C.J._